UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST<br><br>*Plaintiff*,<br><br>v.<br><br>LEEROY M. MYERS; BARBARA MYERS,<br><br>*Defendants.* | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. _____ |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington") files this Plaintiff's Original Petition against Defendants Leeroy M. Myers and Barbara Myers, and respectfully shows the court as follows:

### PARTIES

1. Plaintiff is the mortgagee of a deed of trust detailed herein, and may be contracted the undersigned attorney.

2. Defendants Leeroy M. Myers and Barbara Myers ("Borrowers"), mortgagors under that same deed of trust detailed herein, and are residents of Harris

County, Texas and may be served at 12215 Carola Forest Drive, Houston, Texas 77044.

## PARTIES

3.  This proceeding concerns the real property commonly known as 12215 Carola Forest Drive, Houston, Texas 77044 ("Property"), and legally described as:

> LOT NINETEEN (19), IN BLOCK EIGHT (8), OF REPLAT OF KINGS LAKE FOREST, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 279, PAGE 64 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

## DIVERSITY JURISDICTION AND VENUE

4.  The Court has jurisdiction over the controversy under 28 U.S.C. § 1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

5.  When determining citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls, not the citizenship of the beneficiaries of the trust. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980). Wilmington Savings Fund Society, FSB, is a federal savings bank chartered under the laws of the United States. Wilmington's home office is located in Delaware, and therefore it is a citizen of Delaware for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

6.  Defendants are all individuals who reside in, and are citizens of, the State of Texas.

7.  In this suit Wilmington seeks to foreclose on the Property. According to the Harris County Appraisal District, the property value is $85,742.00. Furthermore,

the total amount due and owing under the terms of the loan detailed herein is approximately $92,818.23.

8. Venue is proper in the Southern District of Texas, Houston Division, under 28 U.S.C. § 1391(b)(2) because this suit concerns title to real property located in Harris County, Texas.

## FACTS

9. On or about June 10, 1985, Leeroy M. Myers obtained title to the Property by virtue of special warranty deed. Said deed was recorded on November 4, 1985, as Instrument No. K275049 in the real property records of Harris County, Texas. A true and correct copy of said deed is attached hereto and incorporated herein as Exhibit 1.

10. On or about March 27, 2006, Borrowers executed a Texas Home Equity Note ("Note") and Texas Home Equity Security Instrument ("Deed of Trust", collectively the Note and Deed of Trust are the "Loan") which secured a loan in the amount of $50,000.00 against the Property. Home123 Corporation was the lender and beneficiary under the Deed of Trust. The Deed of Trust was recorded on April 3, 2006, as Instrument No. Z198524 in the real property records of Harris County, Texas. True and correct copies of the Note and Deed of Trust are attached hereto and incorporated herein as Exhibits 2 and 3, respectively.

11. Home123 Corporation was an assumed name of New Century Mortgage Corporation. An assumed name certificate was filed with the Office of the Secretary

of State of Texas on April 7, 2004. A true and correct copy of said assumed name certificate is attached hereto and incorporated herein as Exhibit 4.

12. On or about April 17, 2008, a document was executed reflecting the assignment of the Deed of Trust from New Century Mortgage Corporation to Mortgage Electronic Registration Systems Inc. ("MERS"). Said assignment was recorded on April 23, 2008, as Instrument No. 20080202549 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 5. Said assignment was rerecorded on May 7, 2019 as Instrument No. RP-2019-188566 in the real property records of Harris County, Texas. A true and correct copy of said rerecorded assignment is attached hereto and incorporated herein as Exhibit 6.

13. On or about November 2, 2009, a document was executed reflecting the assignment of the Deed of Trust from MERS to Litton Loan Servicing LP. Said assignment was recorded on November 12, 2009, as Instrument No. 20090517332 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 7. On July 21, 2011, a document correcting said assignment was recorded as Instrument No. 20110300687 in the real property records of Harris County, Texas. A true and correct copy of said corrective assignment is attached hereto and incorporated herein as Exhibit 8. On November 9, 2018, a document correcting said corrective assignment was recorded as Instrument No. RP-2018-510752 in the real property records of

Harris County, Texas. A true and correct copy of said corrective corrective assignment is attached hereto and incorporated herein as Exhibit 9.

14. On or about January 26, 2011, a document was executed reflecting the assignment of the Deed of Trust from Litton Loan Servicing LP to Green Tree Servicing LLC. Said assignment was recorded on February 1, 2011, as Instrument No. 20110045150 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 10.

15. On or about September 19, 2018, a document was executed reflecting the assignment of the Deed of Trust from Ditech Financial LLC f/k/a Green Tree Servicing LLC to Wilmington. Said assignment was recorded on October 26, 2018, as Instrument No. RP-2018-489244 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 11.

16. The Loan is currently due for the July 1, 2009 payment. Notice of default was provided to Borrowers on or about January 29, 2021, demanding payment of all amounts that were past due. A true and correct copy of said notice of default is attached hereto and incorporated herein as Exhibit 12.

17. By the filing of this Complaint, Wilmington hereby accelerates the Loan and declares the entire balance of principal, interest, fees, and any other amounts that may have accrued due and payable.

## FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT

18.     For consideration, Borrowers covenanted and agreed in the Loan documents to, for example, timely make all payments due and owing under the Note as and when due, and to pay property taxes as they became due and owing. Borrowers breached such promise to the detriment of Wilmington.  Despite all required notices, Borrowers remain in default on their obligations under the terms of the Loan.

19.     As a direct and proximate result of Borrowers' default, Wilmington has been injured (which injury is continuing).  Accordingly Wilmington is entitled to pursue all remedies available to it under the Loan documents and at law and in equity to protect the value of Wilmington's collateral and to collect all amounts due and owing under the terms of the Note, Deed of Trust, and the other Loan documents, including, but not limited to, the outstanding principal balance, pre-payment premiums, interest, late charges, tax and insurance amounts, and attorneys' fees, costs, and expenses incurred by Wilmington.

20.     The following sums are now due and owing to Wilmington as of April 12, 2021:

   a. <u>Unpaid Principal Balance:</u>  $43,529.12;

   b. <u>Interest</u>:  $22,146.24, and is accruing currently at the Note rate of 7.465% per annum and will continue to accrue at the rate of $8.90 per diem;

   c. <u>Other Amounts Due Under Terms of the Loan</u>:  Pursuant to the terms of the Loan, Plaintiff is entitled to judgment for the following additional recoverable amounts: amounts advanced for escrow, taxes, assessments, municipal and utility charges, late fees, loan fees, prior and current foreclosure expenses, property preservation or valuation expenses,

insurance and repairs necessary to prevent impairment of the security, and other items which may constitute liens on the Property. These amounts currently total $27,142.87;

d. As of the date of April 12, 2021, the amount due is $92,818.23.

21. Wilmington requests judgment against Borrowers for the total sum of principal, accrued and accruing interest, late charges and advances, and any other charges secured by the Loan.

## SECOND CLAIM FOR RELIEF: JUDICIAL FORECLOSURE

22. Wilmington, as the current legal owner and holder of the Note and the mortgagee of the Deed of Trust, has the right to enforce the Loan Documents. Wilmington has fully performed its obligations under the Loan, however, Borrowers has defaulted under the Loan by failing to perform material obligations required therein. Borrowers have not cured the default.

23. Wilmington seeks a judgment allowing it to foreclose on the Property pursuant to the terms of the Deed of Trust, Texas Property Code § 51.002, and Texas Constitution Article XVI § 50(a)(6), or, in the strict alternative, through a judgment for judicial foreclosure instructing a marshal, constable, or sheriff to seize and sell the Property in satisfaction of the judgment, and a declaration of Wilmington's right to the same pursuant to TEX. R. CIV. P. 309.

## ATTORNEYS' FEES

24. Wilmington has retained McCarthy & Holthus, LLP and agreed to pay it reasonable fees and costs incurred related to this proceeding. Wilmington is entitled to recover reasonable and necessary attorneys' fees that are equitable and just pursuant to the terms of the Loan and any other applicable statute should any

party contest this action.

## PRAYER

WHEREFORE, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust prays that Defendants Leeroy M. Myers and Barbara Myers be cited to appear and answer herein; and that on final trial, Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust be awarded the relief requested herein, including declaratory judgment as requested hereinabove, reasonable and necessary attorneys' fees, and for all other relief Court deems appropriate.

Respectfully Submitted,

*/s/ Brandon Hakari*
Brandon Hakari / TBN: 24107552
Cole Patton / TBN: 24037247
**MCCARTHY & HOLTHUS, LLP**
1255 West 15th Street, Suite 1060
Plano, TX  75075
Phone: 214.291.3800
Fax: 214.291.3801
bhakari@mccarthyholthus.com

**ATTORNEYS FOR PLAINTIFF**