## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB, D/B/A CHRISTIANA** | § | |
| **TRUST, NOT INDIVIDUALLY BUT** | § | |
| **AS TRUSTEE FOR PRETIUM** | § | |
| **MORTGAGE ACQUISITION TRUST,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 22-88** |
| | § | |
| **LEEROY M. MYERS and** | § | |
| **BARBARA MYERS,** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANTS' RULE 4(m) MOTION TO DISMISS

TO THE HONORABLE JUDGE OF SAID COURT:

There has never been proper service of process on Leeroy or Barbara Myers, yet on July 12, 2022, the Court held a scheduling conference and told Plaintiff Wilmington Savings that it had thirty days to file a motion for summary judgment against them. The case should be dismissed under Fed. R. Civ. P. 4(m).

## I.    INSTRUCTING THE PLAINTIFF TO FILE FOR SUMMARY JUDGMENT AGAINST THE UNSERVED DEFENDANTS WAS A DEPRIVATION OF DUE PROCESS

### A.    There Is No Proof That the Summons and Complaint Were Served Before the Deadline in Rule 4(m) Expired; There Is an Admission the Deadline Was Missed

1.  The Court can take judicial notice of its own docket that the Complaint was filed on January 10, 2022. Doc. 1.

2.  That made the 90 day service deadline in Fed. R. Civ. P. 4(m) April 11, 2022.[1]

3.  There is no evidence that service of process was made on or before that date.

4.  The June 28, 2022, docket entry says "Return of Service Unexecuted as to Barbara Myers, Leeroy M. Myers re: Complaint, filed. (Ladwig, Ramona)(Entered: 06/28/2022)." Doc. 15.   The first filed page was an unsigned May 10, 2022, letter on McCarthy & Holthus, LLP stationery addressed to both Leeroy Myers and Barbara Myers. It had a line in bold capital letters that said **"NOTICE OF SUMMON** (sic) **AND COMPLAINT**." It listed the case number and the caption. It said "Enclosed please find a copy of the summons and complaint. After many attempts to serve in person and on your attorney, we are serving by mail pursuant to Rule 5(b)(2)(C)."

5.  The remaining seventy (70) pages were a copy of the summons and complaint for Mr. Myers and another apparently for Mrs. Myers.

6.  There is no proof that a copy was sent to Mr. Myers in one envelope and another one to Mrs. Myers in a second envelope.

7.  There was no Certificate of Service.

---

[1]Actually Sunday, April 10, but Fed. R. Civ. P. 6(a)(1)(C) moved it to Monday, April 11.

8.   The July 8, 2022, Docket entry says "CERTIFICATE OF SERVICE of <u>15</u> Return of Service Unexecuted by Wilmington Savings Fund Society, FSB, filed. (Attachments: # <u>1</u> Exhibit, # <u>2</u> Exhibit)(Ladwig, Ramona)(Entered: 07/02/2022)." Doc. 16.

9.   None of the documents related to Doc. 16 were entitled "Certificate of Service."

10.  The first document was the Declaration of Ramona V. Ladwig. It identified her as both Plaintiff's counsel and a custodian of her firm's records. Doc. 16.

11.  Paragraph 3 said the Defendants "were served a copy of the notice of summons and complaint" via first class mail "on May 10, 2022, pursuant to Rule 5(b)(2)(C) of the Federal Rule (sic) of Civil Procedure." It said a copy of the May 10, 2022 letter was attached as Exhibit A; it is the first page in Doc. 16-1.

12.  Paragraph 4 referred to a highly redacted letter from defense counsel, attached as Exhibit B,  acknowledging the Defendants received the unsigned May 10, 2022, letter. Doc. 16-2.

13.  An unredacted copy is attached as Defendants' Exhibit 1. It was addressed to Cole Patton, the Plaintiff's lead attorney. He replaced the original lead attorney on January 26, 2022. Doc. 6.  Ms. Ladwig did not make her appearance until May 11, 2022. Doc. 12.  She did not send notice to the Defendants.

14.     Paragraph 5 contained Ms. Ladwig's conclusion "Defendants were thus properly served in this action, pursuant to Rule 5(b)(2)(C) on May 10, 2022."

15.     The last page of the unredacted letter asked Mr. Patton to identify the lawyer, or non-lawyer, who made the decision to serve the summons under Rule 5 instead of Rule 4.  There was no response to that letter, or the four written followup requests to identify that person on May 27, June 1, June 7, and June 13, and the person remains unidentified.

16.     There was no assertion of service pursuant to Rule 4.

17.     Docket entry 16-1 contained another copy of the unsigned May 10, 2022, letter on McCarthy & Holthus, LLP stationery, the same as in the June 28, 2022, filing, followed by an intentionally blank page. The remaining seventy (70) pages were again copies of the summons and complaint, and again there was no proof of one copy being sent to Mr. Myers and another to Mrs. Myers.

18.     The July 8, 2022, Declaration of Ramona V. Ladwig does not does not say who wrote or sent the unsigned May 10, 2022, letter on McCarthy & Holthus, LLP stationery to Mr. and Mrs. Myers.  It does not say if the decision to rely on Rule 5 instead of Rule 4 to serve the summons was made by an attorney or a non-attorney.  It does not say she has personal knowledge of who allegedly served the documents.

19.   There is nothing on file identifying the person who actually sent the May 10, 2022, letter.

20.   There is no Certificate of Service on file that refers to Fed. R. Civ. P. 4. Summons.

21.   The Initial Pretrial and Scheduling Conference was originally set for March 11, 2022. Doc. 2.  On March 10, 2022, it was reset to April 14, 2022. Doc. 8.  It was reset a second time on April 11, 2022 to May 12, 2022.  Doc. 10. The third reset on May 9, 2022, moved it to June 23, 2022. Doc. 11.  The fourth reset on June 15, 2022, moved it to June 30, 2022. Doc.13.  The fifth and final reset on June 21, 2022, moved it to July 12, 2022. Doc. 14.

22.   The July 12, 2022, docket entry says "Minute Entry for proceedings held before Judge Keith P. Ellison. SCHEDULING CONFERENCE held on 7/12/2022. Plaintiff shall have thirty (30) days to file a Motion For Summary Judgment. Appearances: Ramona Veronica Ladwig. (Court Reporter L. Smith)

**B.   The Unsigned May 10, 2022 Letter Misstated the Plaintiff's Service Efforts**

23.   The assertion in the May 10, 2022 letter that "After many attempts to serve in person and on your attorney, we are serving by mail pursuant to Rule 5(b)(2)(C)" is false and misleading. There was a single attempt by a process server to serve Mr. and Mrs. Myers.

24. Ms. Ladwig's email about waiving service was sent at 3:22 PM on Friday, April 8, 2022. Defendants' Exhibit 2. The 90 day deadline was Monday, April 11, 2022.

25. It said that attorney Gonzales had left the firm during discussions on accepting service. A waiver of service form was attached and she asked that it be signed.

26. The April 11, 2022 response said that Mr. Myers would not agree to waiving service because limitations had expired. "I have explained the limitations problem to my client. If you cannot quickly show me that limitations has not expired then he said that I cannot agree to accept service. It would be improper, if not malpractice on my part, to voluntarily subject him to having defend a case on an expired claim. If you want to serve him, knowing what you know is in the record, that is up to you." Defendants' Exhibit 3, at 4.

27. The Plaintiff could have easily hired another process server, and complied with Rule 4, but they chose not to. It is not the Defendants' fault that the Plaintiff failed to act.

C.   **Service of the Summons Is Governed by Rule 4. Summons, Not Rule 5. Servicing and Filing Pleadings and Other Papers**

28. It is basic that the federal rule applicable to the service of a summons and complaint is "Rule 4. Summons." Compliance with that rule is required for the

Court to acquire personal jurisdiction over the defendant.

29.   "A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Rule 4(c)(1).

30.   The deadline for service of the summons is set in Rule 4 "(m) Time Limit for Service. If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

31.   There is no affidavit of service on file that complies with Fed. R. Civ. P. "4(l) Proving Service.  (1) Affidavit Required. Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit."

32.   The server here is presumptively the anonymous person who did not sign the May 10, 2022, letter.  Despite repeated requests, that person has not been identified. The affidavit required by Rule 4 has not been filed.

33.   The full name of Fed. R. Civ. P. 5 is "Rule 5. Serving and Filing Pleadings and

Other Papers."  The body of the rule does not contain the word "summons" even once.

34.    By its plain language Rule 5 is inapplicable to the service of a summons and cannot be used to confer personal jurisdiction over a defendant.

**D.    The Case Should Be Dismissed Because  the Deadline in Rule 4(m) Was Missed**

35.    The 90 day service deadline in Rule 4(m) was April 11, 2022. That is also the day the Initial Pretrial and Scheduling Conference was reset for the second time.  The third, fourth, and fifth resets were all after that deadline expired.

36.    When the deadline is missed Rule 4(m) mandates that the Court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

37.    The three resets of the Initial Pretrial and Scheduling Conference after the deadline was missed were inconsistent with the mandate in Rule 4(m).

38.    The May 10, 2022 letter the Plaintiff relies on to show when service was allegedly made missed the deadline by a month, even if it were valid in every other way, which it is not.

39.    The Defendants ask that the rule be applied and the case be dismissed.

**E.    Deprivation of Due Process**

40.    Without proof of timely service of the summons as regulated by Rule 4 the Court lacks personal jurisdiction over Mr. and Mrs. Myers. There is no such proof.

41.    "It is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process. Hansberry v. Lee, 311 U. S. 32, 40-41 (1940). The consistent constitutional rule has been that a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant. E. g., Pennoyer v. Neff, 95 U. S. 714 (1878); Vanderbilt v. Vanderbilt, 354 U. S. 416, 418 (1957)." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 110 (1969).

42.    The unsigned letter on law firm stationery declaring that service of the summons was allegedly made "on May 10, 2022, pursuant to Rule 5(b)(2)(C) of the Federal Rule (sic) of Civil Procedure" is an admission that service was both late and improper.  It missed the April 11, 2022 deadline in Rule 4(m) by a month and it confirmed that Rule 4 was completely ignored.

43.    Filing that same letter twice on the docket did not correct its errors.

44.    The Court's July 12, 2022, instruction to the Plaintiff to file a summary

judgment against the unserved Defendants was made three months after the deadline in Rule 4(m) had expired and when the Court had not obtained personal jurisdiction over them. It is a deprivation of due process.

45.    The instruction for filing the motion for summary judgment is void and should be withdrawn and the case should be dismissed.

### PRAYER

Mr. and Mrs. Myers pray that the case be dismissed and that they be granted any other relief to which they are entitled, at law or in equity.

Respectfully submitted,

/s/ Ira D. Joffe
Ira D. Joffe
State Bar No. 10669900
Attorney for Defendants
6750 West Loop South
Suite 920
Bellaire, TX 77401
(713) 661-9898
(888) 335-1060 Fax
ira.joffe@gmail.com