# IRA D. JOFFE
### Attorney At Law

6750 WEST LOOP SOUTH # 920  
BELLAIRE, TEXAS 77401

(713) 661-9898  
FAX (888) 335 - 1060

April 11, 2022

Ms. Ramona V. Ladwig, Esq.  
McCarthy Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801  
and rladwig@mccarthyholthus.com**

RE: *Wilmington Savings v. Myers*, Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division

Leeroy Myers  
12215 Carola Forest Drive  
Houston, TX 77044

Dear Ms. Ladwig:

This is in response to your late Friday afternoon email saying that Mr. Gonzales has left the firm and to your followup telephone call this morning.

Before we get to the question about service, some history is in order. The home equity loan, against a fully paid off house, originated in 2006.

The first Application for an "expedited" order of foreclosure was filed by the Barrett Daffin firm on behalf of Litton Loan Servicing in Cause No. 201036072 in the 129th Judicial District, Harris County, Texas on June 11, 2010. The Myers' pro se answer showed that the issue was a servicing problem. Prior to that there was no problem with New Century, Home 123, or Saxon.

The Order granting the Application was signed on September 27, 2010. By way of perspective, you were not admitted to the State Bar of Texas until November 6, 2014, where you are listed today as being associated with the Kazerouni Law Group, APC, a consumer defense firm, not McCarthy Holthus. The same site shows that Mr. Gonzales was never associated with them either.

*Wilmington v. Myers* – Limitations Expired – Page 1

The Barrett Daffin firm, this time representing Ditech Financial, LLC. filed the Application in Cause No. 201565145 in the 151st Judicial District, Harris County, Texas, on October 30, 2015. The Myers stopped the foreclosure threat by filing a petition against Ditech on February 16, 2016. It was removed to federal court by the Sutherland Asbill & Brennan, LLP on April 20, 2016. Civil Action No. 4:16-cv-1053, SDTX. The Sutherland firm was replaced by Locke Lord in the order signed on July 27, 2016.

The June 14, 2017, Order by the federal magistrate ruled in favor of Ditech. Doc. 26. It cited the January 13, 2015, default letter from Green Tree, and that it had changed its name to Ditech by the time it filed the October 30, 2015 Application for an Expedited Order under Rule 736 on a Home Equity Loan.

On November 18, 2019, the Barrett Daffin firm filed the third Application For an Expedited Order Under Rule 736 On A Home Equity Loan in Cause No. 201983092 in the 127th Judicial District, Harris County, Texas. This time it was for Wilmington Savings Fund Society, your client. The testimony in the supporting affidavit included that "as of 11/08/2018: (i) 125 monthly payments have not been paid." That is over ten years of missed payments and was more than two years ago.

Referring to the January 13, 2015, default letter, Paragraphs 31 through 34 in the December 27, 2019, Answer said:

31. The next paragraph says "If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us." It clearly did not say "may be accelerated" but rather "is accelerated."

32. The default was not cured within 30 days, or ever.

33. The loan was therefore accelerated as of February 12, 2015 and the four year statute of limitations in TEX. CIV. PRAC. & REM. CODE §16.035 expired four years later on February 12, 2019.

34. The current Application was filed on November 18, 2019, nine months too late.

On October 29, 2020, the court signed the order allowing your firm to substitute in for Barrett Daffin, making it the fourth firm trying to foreclose since 2010.

Your firm filed a Notice of Nonsuit on January 7, 2021. The Order dismissing the cause without prejudice was signed on January 8, 2021.

The current federal case was filed on January 10, 2022, one month shy of seven years after the February 12, 2015, acceleration by letter. That was almost three years after the four year deadline provided by TEX. CIV. PRAC. & REM. CODE §16.035. It was six years and approaching three months after the October 30, 2015, filing date of the Application in Cause No. 201565145. Again, that was well past the four year limit.

In the alternative, even if the February 12, 2015, letter had not been sent, the October 30, 2015, filing of Cause No. 201565145 was, as a matter of law, an acceleration that started limitations running.

> "Thus, the payment of the loan amount was accelerated on April 5, 2000, thereby triggering the running of the four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035(e) (Vernon 2002);44 S.W.3d at 569. Accordingly, the application for expedited foreclosure filed by Citigroup on November 15, 2004 was outside of the limitations period. We sustain Burney's sole issue.
>
> "We reverse the trial court's judgment. We render judgment for Burney on her declaratory judgment claim that Citigroup's foreclosure action is barred by the statute of limitations." *Burney v. Citigroup Global Markets Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App. - Dallas 2008, no pet.).

The reasoning in that case has been well followed in federal courts, the Fifth Circuit included.

> "The Bank's complaint in this action serves as adequate notice of acceleration. See Smither v. Ditech Fin., L.L.C., 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action."); accord Burney v. Citigroup Glob. Mkts. Realty Corp., 244 S.W.3d 900, 904 (Tex. App.— Dallas 2008, no pet.) ("[N]otice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to

constitute notice of acceleration."). The Court finds that the Bank properly accelerated the Loan maturity." *Wells Fargo Bank v. Pitre*, No. 3-17-cv-3177-N(BT), Northern District of Texas, Dallas Division, September 6, 2018.

The February 18, 2022, letter to your predecessor ended with "If you cannot quickly show me how limitations has not expired then maybe it is time to dismiss the case, release the lien, with no Form 1099-C for debt forgiveness, and bring seventeen years of frustration to a close." Please consider that repeated here. He did not reply. You should.

I have explained the limitations problem to my client. If you cannot quickly show me that limitations has not expired then he said that I cannot agree to accept service. It would be improper, if not malpractice on my part, to voluntarily subject him to having defend a case on an expired claim. If you want to serve him, knowing what you know is in the record, that is up to you.

Please make sure your client knows that any action that they instruct you to take to keep the case going will have to be considered as knowing and intentional.

Sincerely,

*[signature]*

Ira D. Joffe, Esq.

IJ/ms