UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB,, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:22-CV-00088 |
| LEEROY M. MYERS, ET AL. | § § | |
| Defendants. | § | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' SECOND MOTION TO DISMISS**

Plaintiff Wilmington Savings Fund Society, FSB ("Wilmington" or "Plaintiff"), files this response to defendants Leeroy M. Myers and Barbara M. Myers (the "Myers" or "Defendants") Motion to Dismiss (Doc. 22), and in support thereof states as follows:

**INTRODUCTION**

This case arises from a simple attempted foreclosure pursuant to a deed of trust. After Defendants defaulted on their loan obligation, Wilmington filed a complaint for breach of contract and for an order requesting judicial foreclosure. (Doc. 1). This is Defendants' Second Motion to Dismiss. (Docs. 17. 22). It is an improper disregard for the Court's earlier ruling denying the same motion to dismiss based on the same arguments. Despite the Court previously denying Defendants' motion to dismiss, instead of filing an answer and a motion for summary judgment, Defendants brazenly refiled another motion to dismiss and reassert that same inappropriate and denied arguments of expiration of the statute of limitations, defective service,

and lack of standing. As such, the Court should strike and deny this second improper Motion to Dismiss and instruct Defendants to file their answer.

## BACKGROUND

On January 10, 2022, Wilmington filed this lawsuit for breach of contract and an order for foreclosure. (Doc. 1). On January 13, 2022, Plaintiff was issued summons to serve Defendants. (Doc. 4). From January 20, 2022 to March 1, 2022, Plaintiff attempted service and service contacts on the Defendants approximately *eight* times. *See* Affidavits of Process Server Christiana Edwards, attached hereto as Exhibits 1 and 2.

After the third service attempt, around January 26, 2022, Defendants misinformed the process server about whether they resided at 12215 Carola Forest Drive, Houston, Texas 770449, the subject address for their usual place of abode for service. *Id.* Defendants also instructed the process server to contact their attorney Ira Joffe ("Joffe"). *Id.*

Around the eighth service attempt, on or about March 1, 2022, Defendants told the process server that they were instructed by their attorney Joffe to not accept service. *Id.* After the eighth service attempt, the process server subsequently concluded that 12215 Carola Forest Drive, Houston, Texas 770449 is the usual place of abode of the Defendants and that Defendants are avoiding service. *Id.*

Around February 18, 2022, Plaintiff's Counsel contacted Defendants' Counsel Joffe. *See* Declaration of Ramona V. Ladwig ¶ 3, attached hereto as Exhibit 3. Starting on February 18, 2022 and ending on June 13, 2022, Defendants' Counsel Joffe sent the first of approximately eight letters to Plaintiff's Counsel. *Id.* The letters reference the series of service attempts and also evidences requests for waiver of service. *Id.* In fact, Defendants' Counsel himself asked for a waiver of service. *See* Ladwig Declaration, Exhibit 3-1. Defendants' however attorney refused to

accept service and failed to return the requests for waiver of service of process sent on April 8, 2022. *Id.* ¶ 4, Ex. 3-2.

After several failed attempts to serve Defendants and obtain a waiver of service of process, on May 10, 2022, Plaintiff subsequently served Defendants by mail pursuant to Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure. (Doc. 15). On July 12, 2022, the Court held a scheduling conference, and granted Plaintiff 30 days to file a motion for summary judgment.

On July 21, 2022, Defendants filed a first motion to dismiss under Rule 4(m) for failure to serve within 90 days. At the status conference on July 29, 2022, the Court heard argument on Defendants' First Motion to Dismiss and denied the motion. The Court also noted the Defendants' Counsel entered an appearance and waived service of summons. After the parties entered their scheduling conference, Defendants proceeded to file this Second Motion to Dismiss. (Doc. 22). The Second Motion to Dismiss argues again that the statute of limitations has expired, that Plaintiff lacks standing, and that service is defective. The arguments were already heard by the Court at the July 29, 2022 conference, they are improper at the motion to dismiss stage on an incomplete record, and they lack merit even on Defendants' alleged record. As such, the Court should strike and deny the Defendants' Second Motion to Dismiss.

## LEGAL STANDARD

Motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981). In conjunction with Rule 12(b)(6), Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings in deciding a motion to dismiss. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999), cert. denied, 530 U.S. 1229, 120 S.Ct. 2659, 147 L.Ed.2d 274 (2000).

When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss, the Court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n. 3 (5th Cir.1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir.2007). "If ... matters outside the pleading[s] are presented to and not excluded by the court," however, "the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Documents "attache[d] to a motion to dismiss are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir.2000). In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.1994).

## ARGUMENT

### A.   THE STATUTE OF LIMITATIONS HAS NOT EXPIRED

Defendants argue that the statute of limitations on Plaintiff's action to foreclose expired by June 2014. (Doc. 22 at 16). The supposed linchpin of Defendants' argument is the filing of an expedited action of foreclosure in June 11, 2010 in the Case No. 2010-36072 in the 129th

4

District Court, Harris County, Texas, styled *In re: Order of Foreclosure Concerning Barbara C. Myers and Leeroy M. Myers*, filed by Litton Loan Servicing, LP ("First Expedited Application"). (Doc. 22-1). According to Defendants, the filing of that action evidences that expiration of the statute of limitations by June 11, 2014 because presumably the loan was accelerated prior to the filing of the First Expedited Application. *Id.*

It should be noted that this exact argument was brought by the exact Defendants before the Southern District in a prior action and was summarily denied on the summary judgment record. *See Judge Smith's Order, Doc. 26 in Leeroy M. Myers, et al. vs. Ditech Financial, LLC, et al.*, Civil Action H-16-1053 (S. D. Tex. June 14, 2017). There on the summary judgment record, the Court found that Litton Loan Servicing LP's First Expedited Action involved a October 5, 2009 notice of acceleration. *Id.* at 2. ("On October 5, 2009 Litton notified [the Myers] that it was accelerating the loan maturity date due to non-payment.") The Court went on to find that after acceleration and after obtaining an order of foreclosure in the First Expedited Action, "Litton did not pursue foreclosure prior to January 26, 2011 when it assigned the deed of trust to Green Tree Servicing LLC." *Id.*

Green Tree then accepted payments from the Myers in January 2012. *Id.* It also sent a rescission of acceleration of all prior notices of acceleration on August 19, 2013, including the October 5, 2009 Notice of Acceleration, on which Defendants here base their argument that the limitations period has expired. *Id.* The Court found that the summary judgment record "conclusively establishes that Ditech [formerly Green Tree Servicing LLC] effectively and timely rescinded the 2009 acceleration by its August 19, 2013 notice." *Id.* at 6. Despite the repeated rejection of this argument, Defendants continue to argue here again that the statute of limitations expired due to the First Expedited Action. The Court has already found against

5

Defendants on this matter at the summary judgment state. At minimum, the argument should be rejected at this motion to dismiss stage.

Defendants continue to incorrectly argue the expiration of the statute of limitations based on other subsequent foreclosure actions, referencing a "Second Expedited Application" and a "Third Expedited Application," (Doc. 22 ¶¶ 18, 27), without a full record on the history of acceptance of payments, notices of rescissions, notices of default, and equitable tolling. These events as a matter of law have the effect of abandoning the acceleration of a note and tolling the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code 16.035(b); 16.038; *see Graham v. LVN Corp.*, No. 03-16-002350CV, 2016 WL 6407306 at * (Tex. App. – Austin Oct. 26, 2016, pet. denied) (finding that an effective rescission or waiver can be made by serving written notice by first class or certified mail); *see Boren v. Nat. Bank Assoc.*, 807 F.3d 99, 104 (5th Cir. 2015) (acceleration can be abandoned by acceptance of payments); *see also Khan v. GBAK Props.*, 371 S.W.3d 347, 353 (Tex. Ct. App. 2012) (sending a statement requesting payment for less than the full amount is on way a bank may unilaterally abandon a prior acceleration).

Further, even if a loan is accelerated, the holder can abandon its prior acceleration either through joint action with the borrower, or through its own, unilateral action, which effectively restores the note's original maturity date. *See Leonard v. Ocwen Loan Servicing, L.L.C.*, No. 14–20611, 2015 WL 3561333 at *3 (5th Cir. June 9, 2015). Under Section 16.038(b), effective June 17, 2015, a lender may statutorily unilaterally rescind a notice of acceleration. Section 16.038(b) is retroactive. *See* Graham, 2016 WL 6407306 at *4. Even prior, under the common law, lenders could unilaterally rescind notices of acceleration. *See Boren*, 807 F.3d 99, 106.

In sum, Defendants arguments are based on misunderstanding on the law of abandonment of acceleration and on an irrelevant public record of expedited foreclosure applications. As

6

demonstrated even after the filing of expedited foreclosure actions, acceleration can still be unilaterally abandoned and rescinded by a lender under statutory and common law by acceptance of payments, notices of rescission, and demands for less than the full amount of the loan.

Defendants present an irrelevant record based on public expedited foreclosure action filings and omit the relevant record of all notices of rescission of acceleration and all abandonment of acceleration relevant to the expiration of the statute of limitations. In fact, based on the Judge Smith's Order, the relevant factual record supports that the statute of limitations has in fact not expired. Still the record is incomplete as to abandonment and rescission on the face of the pleadings and on Defendants' supposed record. The matter is more appropriately considered at the summary judgment stage. As such, the Motion to Dismiss the Complaint on grounds of the expiration of the statute of limitations should be denied.

**B.     PLAINTIFF HAS STANDING TO FORECLOSE**

Defendants next argue that Plaintiff lacks standing because the Note "was never assigned to the trust it represents." (Doc. 22 ¶ 45). The Complaint though sufficiently alleges and evidences the record chain of assignment of the deed of trust to Plaintiff, supporting Plaintiff's standing to foreclose. (Doc. 1 ¶ 10-15). *See Wiley v. Deutsche Bank Nat. Trust Co.*, 539 Fed.Appx. 533, 536 (C.A.5 (Tex.), 2013) ("A deed of trust 'gives the lender as well as the beneficiary the right to invoke the power of sale' even though it would not be possible for both to hold the note.") *quoting Robeson v. MERS,* No. 02–10–00227–CV, 2012 WL 42965, at *6 (Tex.App.–Fort Worth Jan. 5, 2012, pet. denied). The Complaint thus not only supports but evidences that Plaintiff has standing to foreclose. *Id.*

Defendants' apparent requirement that the note must be shown to support standing is based on another incorrect understanding of the law. (Doc. 22 ¶ 52). Even if Plaintiff lacked this,

7

the note is not necessary to support standing to foreclose. See *Green v. JPMorgan Chase Bank, N.A.*, 937 F.Supp.2d 849, 856 (N.D. Tex., 2013) ("Courts across the state have emphatically rejected this "show-me-the-note" theory, which has no basis in Texas law."); *see, e.g.*, *Crear v. JP Morgan Chase Bank N.A.*, 931 Fed.Appx. 743, 757–58 n. 1, No. 10–10875, 2011 WL 1129574, at *1 n. 1 (5th Cir. Mar. 28, 2011) (unpub. and per curiam) ("The Texas Property Code provides that either a mortgagee or mortgage servicer may administer a deed of trust foreclosure without production of the original note." (*citing* Tex. Prop. Code §§ 51.002, 51.0025)); *Preston v. Seterus, Inc.*, 931 F.Supp.2d 743, 757–58, No. 3:12–CV–2395–L, 2013 WL 1091272, at *13 (N.D.Tex. Mar. 15, 2013); Stephens v. LPP Mortg., 316 S.W.3d 742, 747 (Tex. App.-Austin 2010, pet. denied).

**C.     SERVICE WAS PROPER**

Defendants incredibly argue that "there was documented lack of diligence in getting the summons served." (Doc. 22 ¶ 32). The record of service diametrically contradicts this assertion. *See* Ladwig Declaration, Ex. 3. The record shows that Defendants and Defendants' Counsel intentionally evaded service since the beginning of the filing of this Complaint. *See* Edwards Affidavits, Exs. 1-2. Defendants misinformed the process server about their usual place of abode, directed the process server to contact their attorney who refused to accept or waive service. *Id.*

Defendants' Counsel rather sent numerous communications on the file without putting an appearance or returning a waiver of service, starting as early as February 18, 2022, about a month after the case was filed. *See* Ladwig Declaration ¶ 3, Ex. 3-1. As such, Defendants had actual and constructive notice of the lawsuit prior to the expiration of the 90 days under Rule 4(m) of the Federal Rules of Civil Procedure.

Additionally, given Defendants and Defendants' intentional evasion of service, good cause exits for the Court to grant an extension and issue an order that Plaintiff perfect service within a specified time prior to dismissal. Fed. R. Civ. P. 4(m). *See Flores v. City of San Benito, Texas*, 2021 WL 4928393, at *1 (S. D. Tex., 2021) ("dismissal of an action can occur only after a court finds that the plaintiff has not demonstrated good cause for failing to perfect service within 90 days after filing a complaint, or that the plaintiff has failed to perfect service within an extended time period.") As Plaintiff has already perfected service, (Doc. 16), and Defendants' Counsel made an appearance through filing of two motions to dismiss (Docs. 17, 22), participating in a scheduling order (Doc. 21), the issue should be deemed mooted by the Court. Any extension the Court grants will be deemed satisfied by the service of process on May, 10, 2022. (Doc. 16).

Further, Defendants also failed to waive service, and Plaintiff is entitled to reasonable costs and expenses for perfecting service. *Id.* Under Rule 4(d)(2), if a "defendant located within the United States fails, without good cause, to sign and return a waiver request by a plaintiff," the court *must* impose on the defendant (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." As such, Plaintiff reserves the right to bring a motion for costs and fees to effect service in this case due to Defendants' Counsel's failure to sign and return the waiver of service of process sent on April 8, 2022. *See* Ladwig Declaration ¶ 4, Ex. 3-2.

At the status conference on July 29, 2022, the Court also heard argument on Defendants' First Motion to Dismiss based on Rule 4(m) lack of service and denied the motion. The Court also noted the Defendants' Counsel entered an appearance and waived service of summons. Defendants' Counsel also participated in preparing a scheduling order filed with the Court, (Doc.

9

21). Defendants have thus made an appearance and waived all arguments that service was defective under Rule 4(m). The Court should deny the Second Motion to Dismiss for lack of service under Rule 4(m).

## CONCLUSION

WHEREFORE, Wilmington Savings Fund Society, FSB requests that the Court deny the Defendants' Second Motion to Dismiss with prejudice, and further requests all other relief so justly entitled.

Respectfully submitted,

MCCARTHY & HOLTHUS, LLP

/s/ Ramona Ladwig
Ramona Ladwig / SBN: 24092659
Attorney-in-Charge
rladwig@McCarthyHolthus.com
Cole Patton / SBN: 24037247

1255 West 15th Street, Suite 1060
Plano, Texas 75075
Phone: 214.291.3800
Fax: 214.291.3801

*Attorneys for Defendant*
*Wilmington Savings Fund Society, FSB*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served on all parties of record via CM/ECF on September 9, 2022.

/s/ Ramona Ladwig
Ramona Ladwig