# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920　　　　　　　　　　　　　　　　(713) 661-9898
BELLAIRE, TEXAS 77401　　　　　　　　　　　　　　　　　FAX (888) 335 - 1060

February 18, 2022

Mr. Esteban "Steve" Gonzales, Esq.
McCarthy Holthus, LLP
1225 W 15th Street, Suite 1060
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801
and sgonzales@mccarthyholthus.com**

　　RE:　Leeroy Myers
　　　　　12215 Carola Forest Drive
　　　　　Houston, TX 77044

Dear Mr. Gonzales:

I will ask Mr. Myers about accepting service. It would have been better if your firm had sent the waiver under Rule 4(d) and tried to keep costs down. Also, since your client knows I have been representing him on the debt since 2011, it would have been nice to give me at least a courtesy call before sending the process server. I am curious why having the process server be the first contact with the Complaint based on the debt is not at least a facial violation of 15 U.S.C. §1692c(a)(2), but let's not worry about that for now.

The first relevant document is the July 13, 2010, pro se answer that Mr. Myers filed in Cause No. 201036072, 129th Judicial District, Harris County, Texas, on July 28, 2010, before I ever met him. It sets out that the problem was caused by Litton.

If you want to see the history of this loan that goes back to that first Rule 736 Application in 2010 see Doc. 1-2 in the 2016 federal case. *Myers v. Ditech*, 4:16-CV-01053, SDTX.

The June 14, 2017, Order in that case is controlling here. Doc. 26. It accounts for the August 19, 2013, Notice of Rescission and on Page 6 includes the finding that "Ditech's cause of action for foreclosure therefore accrued at some point after September 2013."

*Wilmington v. Myers* – Overview – Page 1

**EXHIBIT 3-1**

Consistent with that, the Rule 736 Application in *Green Tree v. Myers*, Cause No. 201565145, 151ST Judicial District, Harris County, Texas, was filed on October 30, 2015, by Barrett Daffin. You used to work there. We both remember when it was still Barrett Burke.[1]

Paragraph 4.F. said the default had been sent and "the opportunity to cure has expired." 4.G. said "Before this application was filed, any other action required to initiate a foreclosure proceeding by Texas law or the loan agreement, contract, or lien sought to be foreclosed was performed." That would include acceleration.

Curiously, no acceleration letter was attached, so the exact date the cause of action accrued before the filing date is undisclosed. It has to be in your records and if the new case goes on you will have to produce it. Regardless, the cause of action accrued between some time after "September 2013," as early as October 1, 2013, and no later than the October 30, 2015, filing date.

> "Notice of the filing of the April 5, 2000 application for expedited foreclosure constituted notice of acceleration. Thus, the payment of the loan amount was accelerated on April 5, 2000, thereby triggering the running of the four-year statute of limitations. See TEX. CIV. PRAC. & REM.CODE ANN. § 16.035(e) (Vernon 2002); Wolf, 44 S.W.3d at 569. Accordingly, the application for expedited foreclosure filed by Citigroup on November 15, 2004 was outside of the limitations period. We sustain Burney's sole issue." *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App. - Dallas, 2008, no pet.)."

Limitations apparently expired some time between October 1, 2017, four years after the first day after "September 2013" and October 30, 2019, four years from the filing date. Both of those deadlines are based on the lender's and servicer's intentional actions.

Filing the current case on January 10, 2022, missed the deadline by at least two years and two months and perhaps as much as four years and three months.

Even without that expiration, there is the decade plus of intentionally waiving the right to proceed, going back to the September 27, 2010, order based on the 2010 Application.

---

[1] As an aside, I just ran into RJ Bryant this week at Costco.

*Wilmington v. Myers* – Overview – Page 2

Also in the mix is the pattern of harassment in 2011. A copy of the unsupportable vacancy notice that was put on the property on July 13, 2011, and again on July 27, is attached. Threatening to winterize a house in Houston in July is an odd concept.

No doubt there are extracontractual charges against the account for those actions that make the amount demanded in the Complaint incorrect and uncollectible, even before interest was compounded on those charges.

There is also the rejected offer of $30,000.00 from May 3, 2017. It showed the house was only 1,249 square feet and that a nearby property, probably twice its size, had just sold for only $40,000.00. A copy is enclosed.

Then there is the damage from Hurricane Harvey just three months later in August 2017. There were four unanswered requests to previous counsel about how the lender wanted to deal with mold remediation. No one from the lender's side of the issue chose to do anything. The intentional silence can be construed as a back door way to force the house to be vacated, or a form of equity skimming to get it repaired at no expense to the lender.

In 2016 the Harris County Appraisal District only had the property at a market value of $56,000. In 2021 it said $85,742. It will not sell for that much. Paragraph 7 in the new Complaint said you were suing for $92,818.23. Even a victory for your client would be a guaranteed loss.

If you cannot quickly show me how limitations has not expired then maybe it is time to dismiss the case, release the lien, with no Form 1099-C for debt forgiveness, and bring seventeen years of frustration to a close.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms

# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920
BELLAIRE, TEXAS 77401

(713) 661-9898
FAX (888) 335 - 1060

May 3, 2017

Mr. Marc D. Cabrera, Esq.
Locke Lord, LLP
2200 Ross Ave. Suite 2800
Dallas, TX 75201

**VIA FAX ONLY TO (214) 740-8800**

**In Re:**  **LEEROY M. MYERS AND BARBARA C. MYERS v. DITECH FINANCIAL, LLC and FANNIE MAE, CIVIL ACTION 4:16-CV-01053, SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION**

Dear Mr. Cabrera:

What we are fighting about here is a home equity loan that originated in March 2006, before you were in law school and was accelerated in 2009 before you were licensed. New Century, the lender, was liquidated through Chapter 11. Litton, one of the servicers, went out of business and was bought by Ocwen when it was still a real company. The property has lost half its value.

The house is only 1,249 square feet of average quality. Mr. Myers is on the HOA board and tells me that a two story, five bedroom property near him, probably twice that size, just sold for $40,000.00. Your client should look at comparable sales.

My client has been paying his own taxes on the property and has his own insurance. He is willing to refinance the loan for $30,000.00 at 3.5% for ten (10) years. Thank you for your assistance.

Sincerely,

*[signature]*

Ira D. Joffe, Esq.

IJ/ms

ATTN
MICHELE HANLON
KATHY RADTKE

7/13/2011
TO MR IRA JOFFE
1-888-335-1060
FROM ROY MYERS

## NOTICE

7/12/2011

This property was found to be **VACANT**.

If you are occupying this property please call IMMEDIATELY:

**586-772-7600**

If our office is not contacted within 24 Hours this property will be preserved (Lock changed & winterized) in the best interest of the homeowner as well as the mortgage.

Fax # 586-772-0341
Fax # 586-447-5855

## NOTICE

Received 7/12/2011

This property was found to be **VACANT**.

If you are occupying this property please call IMMEDIATELY:

**586-772-7600**

If our office is not contacted within 24 Hours this property will be preserved (Lock changed & winterized) in the best interest of the homeowner as well as the mortgage.