# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920　　　　　　　　　　　　　　　　(713) 661-9898
BELLAIRE, TEXAS 77401　　　　　　　　　　　　　　　　FAX (888) 335 - 1060

April 12, 2022

Ms. Ramona V. Ladwig, Esq.
McCarthy Holthus, LLP
1225 W 15th Street, Suite 1060
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801
and rladwig@mccarthyholthus.com**

RE:   *Wilmington Savings v. Myers*, Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division

　　　Leeroy Myers
　　　12215 Carola Forest Drive
　　　Houston, TX 77044

Dear Ms. Ladwig:

　　Yesterday I sent you an email of a printed out letter that was also faxed. Here is the contents of the email you sent at 5:30 PM, just four minutes later.

　　Mr. Joffee,

　　We can only communicate with counsel on this file. As you have not made an appearance in the matter nor agreed to waive service, we are not authorized to communicate with you on the file as we have no grounds to confirm you are in fact the defendant's counsel in this case. Thank you.

　　That is demonstrably incorrect. Willful blindness is not helpful in resolving the problem with the loan and the litigation. The rapid response ignored at least the following:

　　a.　　My on the record representation of Mr. Myers in the previous cases, including the one in which I was the Defendants' counsel and that your firm non-suited. I was there first and when your firm asked to

*Wilmington v. Myers* – Willful Blindness – Page 1

**EXHIBIT 3-4**

    substitute in you asked my position on your motion. I did not require anything in writing from you from your client saying you had its permission. Should I have?;

b.     The February 18, 2022, letter to Mr. Gonzales that included "I have been representing him on the debt since 2011";

c.     His February 28, 2022, email to me acknowledging "the letter regarding the history of the mortgage. It was helpful and I would like the opportunity to continue discussion with you.";

d.     The numerous loss mitigation and trial payment plan letters that Selene, the loan's servicer, has been sending me for years;

e.     The statutorily late November 24, 2021, letter that Selene sent me in response to the Qualified Written Request and Notice of Error letter that I sent them about this loan on August 20, 2021;

f.     The March 30, 2022, letter that Selene Finance sent directly to my office concerning Mr. Myers and this loan. It gave me the new Qualified Written Request address to use starting on May 1, 2022, and;

g.     The March 31, 2022, version of the same letter that was also sent directly to me. It has already been redacted so it can be used as an exhibit if necessary. A copy is enclosed.

The silence in your response with respect to limitations only enforces my analysis that your client no longer has a justiciable claim.

I am trying to reach a settlement based on the law and you have taken steps that could potentially invoke Rule 11, 28 U.S.C. §1927, RESPA, Chapter 392 of the Texas Finance Code and various ethical rules. I see no benefit to that.

Yesterday's letter to you was printed on stationery, as is this one. It clearly showed that my last name is spelled "Joffe" and not "Joffee" as you wrote. You spelled it properly in the email at the end of last Friday yet you got it wrong in your hurried email response yesterday.

The lack of attention to detail is in line with the defective Notice Of Interested Parties that Brandon Hakari, allegedly of your firm, but still listed as working for Fidelity National Law Group, filed on January 10, 2022. Paragraph 3 includes

Jose Colorado as a defendant. That is neither true nor accurate. He has nothing to do with the Myers or their loan.

In fact, Jose Colorado is the Plaintiff in *Colorado v. Wilmington Savings Fund Society*, Civil Action 3:21-cv-00077, Northern District of Texas, where Mr. Hakari and Cole Patton, who is the first lawyer actually listed by the state bar as being with your firm, represented Wilmington. Mr. Hakari apparently used the form from that case and didn't erase Mr. Colorado's name. If you don't dismiss the case against the Myers you should at least file an Amended Notice in the case and withdraw the misrepresentation now that you know it is false.

Your firm, as an agent, now has actual knowledge of the limitations problems. That knowledge is imputed to the Plaintiff, your principal. Please ask it to act accordingly.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms