# IRA D. JOFFE
### Attorney At Law

6750 West Loop South # 920  
Bellaire, Texas 77401

(713) 661-9898  
Fax (888) 335 - 1060

May 20, 2022

Mr. Cole Patton, Esq.  
McCarthy Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801  
and cpatton@mccarthyholthus.com**

RE:  *Wilmington Savings v. Myers*, **Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division**

**Leeroy Myers  
12215 Carola Forest Drive  
Houston, TX 77044**

Dear Mr. Patton:

I am still trying to reach a settlement but your firm has chosen to take steps to make both it and your client potential defendants for claims under Chapter 392 of the Texas Finance Code. I would like to avoid that.

Please see the February 18, 2022, letter and its attachments that were sent to Mr. Esteban "Steve" Gonzales before he left your firm.

His February 28, 2022, email in response included:

> "Thank you for the letter regarding the history of the mortgage. It was helpful and I would like the opportunity to continue discussion with you."

Clearly, he acknowledged your firm knew that I represented the Myers.

Please then review the April 11, 2022, letter that explained the limitations problem to Ms. Ladwig. Follow that with reviewing the April 12, 2022, letter to her that exposed the problem with her April 11, 2022, responsive email that included:

*Wilmington v. Myers* – Conflicting Stories – Page 1

**EXHIBIT 3-5**

"we have no grounds to confirm you are in fact the defendant's counsel in this case."

That was particularly baseless in that I was representing the Myers in Cause No. 201983092 in the 127th Judicial District, Harris County, Texas, between the same parties. Your firm had to ask my permission for it to enter the case.

Here is the Certificate of Conference from the October 27, 2020, Unopposed Motion For Substitution of Counsel that attorney Ms. Thuy Frazier signed for your firm.

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to my telephone conversation with **Ira D. Joffe, counsel of record for Respondents Leeroy M. Myers and Barbara C. Myers**, on October 27, 2020, Respondents are unopposed to the substitution of Thuy Frazier, and the law firm of McCarthy & Holthus, LLP, in the place of Brian D. McGrath, and the law firm of Barrett Daffin Frappier Turner & Engel, LLP as counsel for Petitioner Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust. Emphasis supplied.

*/s/* Thuy Frazier
Thuy Frazier ISBN: 24088129

You were on the service list for the email chain that included copies of the above letters. The last link was in response to the April 12, 2022, letter. There Ms. Ladwig wrote:

"Please note that as obligated we will disregard each communication from you on this file until we have confirmation you represent the defendants in this action. This includes communications by fax also. Thanks."

This was the rough equivalent of a child putting its hands over its ears and yelling "La, la, la, la, I can't hear you" to avoid unwanted news. It was not helpful.

Does it mean that Ms. Ladwig failed to review the file or was it her point that somehow Ms. Frazier's representation to the court was false?

That all led up to the unsigned May 10, 2022, letter on McCarthy Holthus stationery, a copy of which was sent directly to Mr. Myers and to Mrs. Myers, but not to me. It said:

> "Enclosed please find a copy of the summons and complaint. After many attempts to serve in person and on your attorney, we are serving by mail pursuant to Rule 5(b)(2)(C)."

This was the third conflicting position the firm has taken on this one issue. Please pick one position and stick with it. Either you know I represent them or you do not.

The letter was the written admission against interest of "misrepresenting the consumer debt's status in a judicial or governmental proceeding." TEX. FIN. CODE §392.304(a)(8). It was also a "false representation or deceptive means to collect a debt..." under TEX. FIN. CODE §392.304(a)(19).

It was even more impressive in that the enclosed Petition was the one signed by Brandon Hakari, who was removed from the case on January 26, 2022 and left the firm.

You should also be aware that the language in the letter that your process server left at the house in February included a threatened a criminal penalty on your behalf in a civil matter.

> Due to the confidential nature of these proceedings, we are not permitted to answer specific questions on the phone regarding the case. Furthermore, we cannot discuss this matter with anyone who calls on your behalf, including an attorney. You may consult an attorney after you receive the papers. Be advised that the **State of Texas Penal Code 38.16** states: **Preventing Execution of Civil Process is a Class C Misdemeanor.**" Emphasis in the original.
>
> We emphasize strongly the importance that you contact our office within 24 hours. Your failure to do so will affirm your intention to avoid service of process.

Presumably your firm was aware that its agent was in the practice of telling borrowers they have no right to an attorney until after they accept service of a Complaint and that failure to make a telephone call before an artificial deadline could result in a criminal penalty. I am unable to find those provisions

in either the Texas Constitution or the United States Constitution.

Please preserve the records showing how often your firm and your client have used that process servicer's services.

Mr. Myers was literally shot in the back by a neighbor earlier this month. The May 10, 2022, letter was his particularly unwelcome welcome home gift from your firm on his being released from the hospital. It is not helping his recovery. When I was speaking to him about it he had to take a break to change the dressing on the bleeding wound.

Please identify the lawyer who authorized the unsigned May 10, 2022, letter on the firm's stationery to be sent in the first place and to be sent only to my clients. Make sure to preserve all relevant internal records and communications from your client about it.

If it was not authorized by a lawyer then please identify the person who did authorize it, and chose to invoke Rule 5 to serve a summons and complaint, and describe what procedures the firm has in place to stop the unauthorized practice of law.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms