# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920  
BELLAIRE, TEXAS 77401

(713) 661-9898  
FAX (888) 335 - 1060

May 27, 2022

Mr. Cole Patton, Esq.  
McCarthy Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

Ms. Ramona Ladwig, Esq.  
McCarthy Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

      **VIA FAX ONLY TO (214) 291-3801  
      and cpatton@mccarthyholthus.com  
      and rladwig@mccarthyholthus.com**

      **RE:** *Wilmington Savings v. Myers*, **Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division**

      **Leeroy Myers  
      12215 Carola Forest Drive  
      Houston, TX 77044**

Counsel:

Mr. Myers has now had a second procedure following his being shot on the property. This one was to remove remaining bullet fragments. He was only shot once but the damage lingers, just as your client has taken four shots at foreclosure in state court since 2010, dragging one of the related cases to federal court, followed by the fifth one listed above. They have each caused needless damage.

Please see the section of the May 20, 2022, letter that referred to the document that your process server used that implied the possibility of criminal sanctions for my client's failure to call back within twenty-four hours. That was another unjustifiable shot. That process server is your agent.

*Wilmington v. Myers* – Requests Repeated – Page 1

EXHIBIT 3-6

As there was no response from your firm on the issue of the criminal threat issue I filed a complaint with the regulatory agency that licensed that process server. For the second time I ask that you please make sure to preserve all records relating to your firm's previous and continued use of that process server.

Neither was Ms. Ladwig's email this morning in any way responsive to other issues in the May 20, 2022 letter. I repeat the questions from that letter regarding service in the hope that they will not be avoided again, but this time will be answered in a professional manner.

> Please identify the lawyer who authorized the unsigned May 10, 2022, letter on the firm's stationery to be sent in the first place and to be sent only to my clients. Make sure to preserve all relevant internal records and communications from your client about it.

> If it was not authorized by a lawyer then please identify the person who did authorize it, and chose to invoke Rule 5 to serve a summons and complaint, and describe what procedures the firm has in place to stop the unauthorized practice of law.

To make it clear, that letter has all the hallmarks of being the unauthorized practice of law. Lawyers make decisions on service based on the applicable rules of procedure. Unsigned letters based on the wrong rule and sent by anonymous employees are irrelevant. If you continue to fail to show the attorney involvement in the decision to invoke Rule 5 to serve a Summons and Complaint then I probably have a duty to report it to the Unauthorized Practice of Law Committee.

Ms. Ladwig's email this morning skirted the service issue. It included:

> "To avoid dismissal of the case, we had to go ahead with an alternate method of service, which was to serve your client by mail. This is authorized by the federal rules."

The unsigned May 10, 2022, letter on your firm's stationery cited Rule 5. My May 20, 2022, letter identified Rule 5. Her email hid behind the cloud of "authorized by the federal rules." Please identify the specific rule that your firm relied on that allowed for the alleged service of the Summons and Complaint by mail that you assert is the basis for the court's jurisdiction in this case. Please specify the actual date of service. If the alleged service is based on the unsigned May 10, 2022, letter you will be reconfirming a problem.

Sadly, her email this morning was again "the rough equivalent of a child putting its hands over its ears and yelling "La, la, la, la, I can't hear you" to avoid unwanted news" mentioned in the May 20, 2022, letter. It was again not helpful.

She also wrote this morning that "We tried to serve you in this litigation several times. We sent you two waivers of service that were not returned to us... you say you represent the Myers, but you ignore the litigation and the waivers of service." That was false and misleading.

The case was filed on January 10, 2022. The emailed waiver was not sent until 3:24 PM on Friday, April 8, 2022. I again ask that you review the April 11, 2022, letter that included:

> I have explained the limitations problem to my client. If you cannot quickly show me that limitations has not expired then he said that I cannot agree to accept service. It would be improper, if not malpractice on my part, to voluntarily subject him to having defend a case on an expired claim. If you want to serve him, knowing what you know is in the record, that is up to you.

Just because Ms. Ladwig chooses to ignore the facts and law that I cite does not mean they are irrelevant. Her failures to acknowledge the situation as it is, instead of how she wants it to be, do not justify her false statements. I am not ignoring the litigation. I am paying much more attention to it than anyone at your firm is.

You might also want to file an accurate list of interested parties that includes the loan's servicer as they will surely be brought in if an Answer and Counterclaim needs to be filed.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms