# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920  
BELLAIRE, TEXAS 77401

(713) 661-9898  
FAX (888) 335 - 1060

June 7, 2022

Mr. Cole Patton, Esq.  
McCarthy & Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

**AS COUNSEL AND AS REGISTERED AGENT**

Ms. Ramona Ladwig, Esq.  
McCarthy & Holthus, LLP  
1225 W 15th Street, Suite 1060  
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801  
and cpatton@mccarthyholthus.com  
and rladwig@mccarthyholthus.com**

RE: ***Wilmington Savings v. Myers***, **Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division**

**Leeroy Myers  
12215 Carola Forest Drive  
Houston, TX 77044**

Dear Mr. Patton and Ms. Ladwig:

The February 18, 2022, letter to your firm set out the detailed history of the attempts to foreclose on this loan dating back to the Rule 736 Application filed in Cause No. 201036072 on June 11, 2010. That is almost twelve years ago.

Here is the most relevant part in a table detailing how limitations has expired.

Limitations Has Expired – Page 1

**EXHIBIT 3-8**

**Myers Acceleration and Limitations**

| Date | Document | Content and Impact |
|---|---|---|
| 2010_09_27 | Order signed in 2010 Rule 736 Application 201036072 | Right to foreclose accrues but it says the sale cannot be before the February 2011 sale date |
| 2011_02_01 | February 2011 sale date | |
| 2015_01_13 | Green Tree's January 13, 2015 Default Letter, later used as Exhibit D in Rule 736 Application 201565145.<br><br>It was later filed by Mr. Myers as Plaintiff's Exhibit 5 to the Amended Complaint in federal case 4:16-cv-1053, SDTX.<br><br>It was referred to on Pages 4 and 13 of Ditech's Motion For Summary Judgment in that case. | "If you fail to cure the default within 30 days from the date of this notice, the maturity of this loan is accelerated and full payment of all amounts due under the loan agreement is required without further notice from us."<br><br>It clearly did not say "may be accelerated" but rather "is accelerated." |

| Date | Document | Content and Impact |
|---|---|---|
| 2015_02_12 | Green Tree's January 13, 2015 Default Letter, later used as Exhibit D in Rule 736 Application 201565145.<br><br>It was later filed by Mr. Myers as Plaintiff's Exhibit 5 to the Amended Complaint in federal case 4:16-cv-1053, SDTX.<br><br>It was referred to on Pages 4 and 13 of Ditech's Motion For Summary Judgment in that case. | Loan is accelerated by the express terms in the January 13, 2015, default letter.<br><br>This is the relevant acceleration for the 2015 736, that was the basis for the 2016 state law suit that was then removed to federal court and resulted in the June 14, 2017, summary judgment.<br><br>This acceleration date was never rescinded and it was not challenged. |

| Date | Document | Content and Impact |
|---|---|---|
| 2015_10_30 | Rule 736 Application 201565145 filed | If it had not already been accelerated by the February 12, 2015, deadline in the January 13, 2015 Default Letter, the filing would have accelerated the loan as a matter of law. *Smither v. Ditech Fin., L.L.C.*, 681 F. App'x 347, 352 (5th Cir. 2017) ("Once the requisite notice of intent is provided, notice of acceleration may take the form of the filing of a foreclosure action."); accord *Burney v. Citigroup Glob. Mkts. Realty Corp.*, 244 S.W.3d 900, 904 (Tex. App.— Dallas 2008, no pet.) ("[N]otice of filing an expedited application for foreclosure after the requisite notice of intent to accelerate is sufficient to constitute notice of acceleration."). |
| 2016_01_16 | *Myers v. Ditech* 201609805 filed in state court. | From the 2/12/15 acceleration caused by the 1/13/15 default letter to the 1/16/16 filing date is 11 months into limitations after the acceleration. |
| 2016_04_20 | 201609805 removed to SDTX as 4:16-cv-1053 | |
| 2017_06_14 | Summary Judgment for Ditech in 4:16-cv-1053 | Page 6 "Ditech's cause of action for foreclosure therefore accrued at some point after September 2013. |

| Date | Document | Content and Impact |
|---|---|---|
| 2017_09_13 | Order in 4:16-cv-1053 denying Motion To Amend Judgment that limitations had not expired before 2015. | From the 1/16/16 filing date in state court to the 9/13/17 resolution in federal court is 1 year and 8 months. |
| 2017_10_13 | Denial of Motion To Amend became permanent | From 10/13/17 to 1/10/22 when the current federal case was filed against Mr. Myers is 4 years and 3 months at a time when the loan had bee accelerated. |
| 2019_02_12 | 1/13/15 Green Tree Default Letter, Exhibit D in Rule 736 Application 201565145 | 4 year limitations based on acceleration in this document expired. |
| 2019_10_30 | Rule 736 Application 201565145 filed | 4 year limitations based on acceleration caused by this document expired. |
| 2019_11_18 | Rule 736 Application 201983092 Filed | Moot. The loan was already accelerated on 2/12/15 by the Green Tree default letter in Exhibit D. |

| Date | Document | Content and Impact |
|---|---|---|
| 2021_01_07 | Rule 736 Application 201983092 is nonsuited and any and all accelerations allegedly waived | This did not rescind the acceleration as a matter of law caused by the filing of any Rule 736 Application.<br><br>The alleged notice of rescission language does not refer to CPRC §16.038.<br><br>This is five years and eleven months after the 2/12/15 acceleration in Exhibit D.<br><br>It is ineffective as a matter of law because it had to be done "before the limitations period expires." §16.038(a).<br><br>It was also not sent "addressed to the debtor at the debtor's last known address." §16.038(c). |

| Date | Document | Content and Impact |
|---|---|---|
| 2022_01_10 | Complaint filed in 4:22-cv-88 | This is 6 years and 11 months after the 2/12/15 acceleration that supported the 2015 Application.<br><br>It is 4 years and 3 months since the order in the federal case became final on 10/13/17.<br><br>Added to the 11 months between the acceleration and Mr. Myers filing the state court case in 2016 that was removed to federal court in 2016, this means the loan had been accelerated roughly 5 years and 2 months before the 2022 federal case was filed. |
| 2022_05_26 | Judicial Branch Certification Commission accepts complaint against process server for conduct in this case. | Reply deadline set for June 20, 2022. |
| 2022_06_01 | Third written request for McCarthy & Holthus to identify the lawyer or non-lawyer who authorized service of summons and complaint under Rule 5 instead of Rule 4 | Still unanswered |

Even if limitations had not expired, the lender's failure to go forward with foreclosure based on the September 27, 2010, Order, was the beginning of a well established pattern of waiver.

I remind you that the original loan was only $50,000.00 in 2006. It was the smallest loan the lender would make, and more than what Mr. Myers wanted

Limitations Has Expired – Page 7

to borrow. Sixteen years later, on January 10, 2022, the current Complaint says "the Loan is currently due for the July 1, 2009 payment" and that "as of the date of April 12, 2021, the amount due is $92,818.23." That means it sat in your office for eight months without being updated.

I ask again if there is a way to settle things that will not involve more litigation.

Sincerely,

Ira D. Joffe, Esq.
IJ/ms