## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **WILMINGTON SAVINGS FUND** | § | |
| **SOCIETY, FSB, D/B/A CHRISTIANA** | § | |
| **TRUST, NOT INDIVIDUALLY BUT** | § | |
| **AS TRUSTEE FOR PRETIUM** | § | |
| **MORTGAGE ACQUISITION TRUST,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 22-88** |
| | § | |
| **LEEROY M. MYERS and** | § | |
| **BARBARA MYERS,** | § | |
| | § | |
| **Defendants** | § | |

### DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO
### DEFENDANTS' RULE 12 MOTIONS

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Leeroy M. Myers and Barbara Myers reply to Wilmington's

Response to their Rule 12 Motions as follows.

## I.   WILMINGTON FAILED TO MEET ITS BURDEN TO PROVE THAT LIMITATIONS HAD NOT EXPIRED

1.      "Federal courts are courts of limited jurisdiction. They possess only that power

authorized by Constitution and statute, which is not to be expanded by judicial

decree. It is to be presumed that a cause lies outside this limited jurisdiction

and the burden of establishing the contrary rests upon the party asserting

jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

2.     It is the Plaintiff's burden to prove the court has jurisdiction. "If his allegations of jurisdictional facts are challenged by his adversary in any appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of evidence." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

3.     Paragraph 16 in the Complaint says "The Loan is currently due for the July 1, 2009 payment." Doc. 1, 5. That was more than thirteen years ago. Limitations is four.

4.     Paragraph 20.d. calculated the amount due as "of April 21, 2021," almost nine months prior to the January 10, 2022, filing date. Nothing was said about why nothing was done for those nine months even further from July 1, 2009.

5.     Wilmington's Response totally ignored the section of the Defendant's Rule 12 Motions labeled "Even If Limitations Had Not Expired in 2014, it Would Have Expired Before this Case Was Filed on January 10, 2022." Doc. 22, 11-15. It

did not offer evidence to refute anything in that section.

6.   That section detailed how the loan was accelerated on February 12, 2015, and how the four-year limitations period had expired before the current case was filed almost seven years later on January 10, 2022.  On its face, the Complaint was filed well after limitations expired.

7.   Nothing in the Complaint addressed any possible tolling of limitations.

8.   "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003).

9.   Page 5 of the Response cited to Magistrate Judge Smith's June 14, 2017, Order in *Myers v. Ditech* as controlling. However, it ignored that the same document concluded that the "cause of action for foreclosure therefore accrued at some point after September 2013." CV:4-16-1053, Doc. 26, 6.

10.  That is consistent with the Defendants' assertion that it accrued on February 12, 2015. It does nothing to prove that limitations had not expired by the time the current case was allegedly served on Mr. Myers seven years later in 2022.

11.  The Response complained that "the record is incomplete as to abandonment and rescission on the face of the pleadings and on Defendant's supposed

record." Doc. 23, 7. In essence, rather than prove that limitations had not expired, it is asking for time for discovery of its own records.

12. The Response is Wilmington's assertion that it would be denied due process if the case were to be dismissed "without allowing any discovery regarding [their own] factual allegation. This argument is without merit in light of the scope and purpose of Rule 12(b)(6). *See Sullivan v. Leor Energy, LLC*, 600 F.3d 542 (5th Cir. 2010)." *Chhim v. Aldine ISD*, No. 14-20167, (5th Cir. October 14, 2014, summary calendar).

13. The Response improperly attempted to put the burden on the Defendants to prove that something may have happened to keep the time limit from expiring. Wilmington incorrectly argued that determining limitations "is more appropriately considered at the summary judgment stage." Doc. 23, 7.

14. That is the diametrical opposite of the correct standard.  It ignores and eliminates  the purpose of Rule 12, which is to reduce litigation where the Court has no jurisdiction.  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (citations omitted)."

15.   The Response's disregard for the Plaintiff's own previous filings related to the account as "an irrelevant public record of expedited foreclosure applications" is offensive. Doc. 23, 6.  It cannot in good faith say that what it filed  under penalty of perjury to convince previous courts of its position somehow does not count in this case, but that its secret and undisclosed records do.

16.   "Precedent puts a great responsibility on all federal courts to consider reasonable challenges to jurisdiction before reaching the merits of litigants' substantive claims." *Arena v. Graybar Elec. Co, Inc*., 669 F.3d 214, 224 (5th Cir. 2012). The case should be dismissed because Wilmington has not met its burden to prove that limitations has not expired.

## II.   WILMINGTON USED A PROCESS SERVER BEFORE GIVING THE MYERS A CHANCE TO WAIVE SERVICE

17.   The twin Affidavits In Support of Motion For Substitute Service [Doc. 23-1 and 23-2] were both signed on March 9, 2022, but no such motion was ever filed.

18.   They confirm that the first attempt to serve the summons via a process server, instead of asking for a service waiver, was made on January 20, 2022, ten days after the Complaint was filed on January 10, 2022.  Doc. 1. There is no document from Plaintiff Wilmington showing that a request to waive service

was made before that date.

19. Mr. Myers did not call counsel until January 31, 2022, after the process server left a threatening letter at the house. It implied that his failure to contact the process server by phone within 24 hours could be an element of a Class C Misdemeanor. A copy is attached as Defendants' Exhibit 1.

20. Prior to the process server's action there was no attempt under Rule 4(d)(1) to "notify such a defendant that an action has been commenced and request that the defendant waive service of a summons."

21. The February 18, 2022, letter [Doc. 23-4, 1 - Plaintiff's Exhibit 3-1] was sent to attorney Steve Gonzales after a telephone call. It began with a question about why Wilmington had not offered a waiver of service.

"Dear Mr. Gonzales:

"I will ask Mr. Myers about accepting service. It would have been better if your firm had sent the waiver under Rule 4(d) and tried to keep costs down. Also, since your client knows I have been representing him on the debt since 2011, it would have been nice to give me at least a courtesy call before sending the process server. I am curious why having the process server be the first contact with the Complaint based on the debt is not at least a facial violation of 15 U.S.C. §1692c(a)(2), but let's not worry about that for now."

22. It is Wilmington who consciously chose to avoid using the waiver request. Their complaining that Mr. Myers made it necessary to use a process server is contradicted by their own actions.

23. Wilmington's request to assess service fees against Mr. and Mrs. Myers, when it is the one who chose to avoid the procedure under Rule 4(d) to allow them to accept service is obscene. The fact that to make that request they have to try to convince the Court to ignore that their own exhibits to the Response prove their failure to follow the rule is beyond comprehension.

24. The Response deceptively left out that there was silence after Mr. Gonzales left the firm and that the first request from Ms. Ladwig was not made until 3:20 PM on the afternoon of Friday, April 8, 2022, the last work day before the Monday, April 11, 2022 deadline under Rule 4(m).  "Steve Gonzales who you were in discussions with regarding signing a waiver of service is no longer with the firm. I will be handling the file for hereon out." Defendants' Exhibit 2,1.

25. On the second page, at 5:29 P.M., despite the fact the email was a communication, she specifically refused to recognize the undersigned as counsel for the Myers. "As you have not made an appearance in the matter nor agreed to waive service, we are not authorized to communicate with you on the file as we have no grounds to confirm you are in fact the defendant's counsel in this case." Defendants' Exhibit 2 , 2.

26. Ms. Ladwig's Declaration [Doc. 23-3], made under penalty of perjury, is

confusing because  starting in Paragraph 3 she began referring to her client

Wilmington as "Defendants."  She represents the Plaintiff.

27.    The four page April 11, 2022, letter to Wilmington detailed the limitations

issue and made it clear why service could not be waived. Doc. 23-6.  It is the

"good cause" that is allowed by rule 4(d)(2) for not waiving service. A copy

was attached to the Response as Exhibit 3-3 in support of Ms. Ladwig's

Declaration.

"The February 18, 2022, letter to your predecessor ended with "If you cannot
quickly show me how limitations has not expired then maybe it is time to
dismiss the case, release the lien, with no Form 1099-C for debt forgiveness,
and bring seventeen years of frustration to a close." Please consider that
repeated here. He did not reply. You should.

"I have explained the limitations problem to my client. If you cannot quickly
show me that limitations has not expired then he said that I cannot agree to
accept service. It would be improper, if not malpractice on my part, to
voluntarily subject him to having defend a case on an expired claim.  If you
want to serve him, knowing what you know is in the record, that is up to you."
Doc. 23-6, 4.

28.    While the process server's affidavits were signed on March 9, 2022, the record

is devoid of any attempt to serve Mr. and Mrs. Myers under Rule 4 between

that date and Ms. Ladwig's April 8, 2022, letter.  They have never been served

under Rule 4.

29.    Any request for fees to compensate Wilmington for its documented failure to

comply with Rule 4 should be denied.

## III.    WILMINGTON FAILED TO PROVE THAT IT HAS STANDING

30.    Wilmington's alleged standing depends on assignments made by Home 123 Corporation, an assumed name of New Century Mortgage to Mortgage Electronic Registration Systems ("MERS").

31.    They are all void.  The first one was dated April 17, 2008. It conveyed only rights in the Deed of Trust. Plaintiff's Exhibit 5, Doc. 1-1, 31.  It conveyed no rights in the Note.

32.    The problem is that on March 19, 2008, the New Century entities filed a Notice of Rejection of Executory Contract in their Chapter 11 Bankruptcy. *In re: New Century TRS Holdings, Inc., a Delaware corporation, et al.* Case No. 07-10416, District of Delaware, Doc. 5408.  It rejected its contracts with MERS. A copy is attached as Defendants' Exhibit 3 so that the Court can take judicial notice.

33.    It was effective ten days after service.  All the alleged assignments from New Century are after that date.  They are void because there was no contract allowing the corporation or the bankruptcy estate to make them.

### PRAYER

Mr. and Mrs. Myers pray that the case be dismissed and that they be granted any other relief to which they are entitled, at law or in equity.

Respectfully submitted,

 /s/ Ira D. Joffe
Ira D. Joffe
State Bar No. 10669900
Attorney for Defendants
6750 West Loop South
Suite 920
Bellaire, TX 77401
(713) 661-9898
(888) 335-1060 Fax
ira.joffe@gmail.com