UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, <br><br> *Plaintiff*, <br><br> v. <br><br> LEEROY M. MYERS; BARBARA MYERS, <br><br> *Defendants*. | CIVIL ACTION 4:22-cv-00088 |

**PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington" or "Plaintiff"), moves for summary judgment on its claims for breach of contract and judicial foreclosure against Defendants Leeroy M. Myers and Barbara Myers (the "Myers" or "Defendants").

## INTRODUCTION

Wilmington seeks to foreclose a home equity lien on real property located in Houston, Texas. The summary judgment evidence conclusively establishes a debt exists, the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution, the Myers have been in default

under the note and security instrument since July 1, 2009, and Defendants received the requisite pre-foreclosure notices of the default and acceleration required by the security instrument and Section 51.002 of the Texas Property Code. Wilmington is accordingly entitled to summary judgment on its claims for breach of contract and judicial foreclosure against the Myers.

## SUMMARY JUDGMENT EVIDENCE

Plaintiff attach hereto and incorporate by reference the following exhibits in support of its Motion for Summary Judgement:

Exhibit 1:  Affidavit of Korey McGovern;

    Exhibit 1-1:  Warranty Deed;

    Exhibit 1-2:  Promissory Note executed by Leeroy M. Myers;

    Exhibit 1-3:  Deed of Trust executed by the Myers;

    Exhibit 1-4:  Assumed Name Certificate;

    Exhibit 1-5:  Assignment of Deed of Trust to Mortgage Electronic Registration Systems, Inc.;

    Exhibit 1-6:  Assignment of Deed of Trust to Litton Loan Servicing LP;

    Exhibit 1-7:  Assignment of Deed of Trust to Ditech Financial, LLC F/N/A Green Tree Servicing LLC;

    Exhibit 1-8:  Corrective Assignment of Deed of Trust to Litton Loan Servicing LP;

    Exhibit 1-9:  Assignment of Deed of Trust to Wilmington;

    Exhibit 1-10:  Corrective Assignment of Deed of Trust to Litton Loan Servicing LP;

    Exhibit 1-11:  Assignment of Deed of Trust to Mortgage Electronic Registration Systems, Inc.;

    Exhibit 1-12:  Notice of Default and Intent to Accelerate, dated January 29, 2021;

Case No. 4:22-cv-0088; *Wilmington v. Myers*  
Plaintiff Wilmington's Motion for Summary Judgment  
TX-21-78855-JF  
Page 2 of 13

Exhibit 1-13:   Payoff Figures, dated July 13, 2022;

Exhibit 2:   Order Granting Summary Judgment in Removal Proceedings, *Myers v. Ditech Financial, LLC et al.*, Case No. 16-cv-1053, United States District Court, Southern District of Texas, June 14, 2017; and

Exhibit 3:   June 14, 2017 Final Judgment against the Myers.

Wilmington respectfully request the Court take judicial notice of Exhibits 2 – 3 which are filings and public records in federal court. *See* Fed. R. Evid. 201; *see Thomas v. Beaumont Indep. Sch. Dist.*, No. 1:15-CV-112, 2016 WL 922182, at *3 (E. D. Tex. Feb. 12, 2016) (finding filings in plaintiff's court cases as a matter of public record could be considered by court), *report and recommendation adopted*, No. 1:15-CV-112, 2016 WL 899870 (E. D. Tex. Mar. 8, 2016); *Swindol v. Aurora Flight Scis. Corp.*, 805 F.3d 516, 519 (5th Cir. 2015).

## FACTUAL BACKGROUND

### 1. Note and Deed of Trust

On or about March 27, 2006, Mr. Myers executed a home equity promissory note and deed of trust ("Deed of Trust", collectively the Note and Deed of Trust are the "Loan"), securing a loan in the amount of $50,000.00 against real property located at 12215 Carola Forest Drive, Houston, Texas, 77044, and legally described as follows:

> LOT NINETEEN (19), IN BLOCK EIGHT (8), OF REPLAT OF KINGS LAKE FOREST, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 279, PAGE 64 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

("Property"). *See* the Note and Deed of Trust, attached respectively as Exhibits 1-2 and 1-3. The Deed of Trust was also executed by Mrs. Myers. *Id.*

Home123 Corporation was the lender and beneficiary under the Deed of Trust. *Id.* The Deed of Trust was recorded on April 3, 2006, as Instrument No. Z198524 in the real property records of Harris County, Texas. Ex. 1-3. Home123 Corporation is authorized to operate under the

assumed the name of New Century Mortgage Corporation. *See* the Assumed Name Secretary of State Certificate, attached as Exhibit 1-4.

### 2. Assignment of the Deed of Trust

On or about April 17, 2008, New Century Mortgage Corporation assigned the Deed of Trust to Mortgage Electronic Registration Systems Inc. ("MERS"). This Assignment was recorded on April 23, 2008, as Instrument No. 20080202549 in the real property records of Harris County, Texas. *See* Assignment, attached as Exhibit 1-5. The Assignment was rerecorded on May 7, 2019 as Instrument No. RP-2019-188566 in the real property records of Harris County, Texas. *See* Re-Recorded Assignment, attached as Exhibit 1-11.

On or about November 2, 2009, MERS assigned the Deed of Trust to Litton Loan Servicing LP ("Litton"). This Assignment was recorded in the real property records of Harris County, Texas. *See* Assignment, attached as Exhibit 1-6. On July 21, 2011, a corrective assignment was recorded as Instrument No. 20110300687 in the real property records of Harris County, Texas. *See* Assignment of Deed of Trust, attached as Exhibit 1-8. On November 9, 2018, a document correcting said corrective assignment was recorded as Instrument No. RP-2018-510752 in the real property records of Harris County, Texas. *See* Corrective Assignment, attached as Exhibit 1-10.

On or about January 26, 2011, Litton Loan Servicing LP assigned the Deed of Trust to Green Tree Servicing LLC ("Green Tree"). *See* Assignment, attached as Exhibit. 1-7. This Assignment was recorded on February 1, 2011, as Instrument No. 20110045150 in the real property records of Harris County, Texas. *Id.*

On or about September 19, 2018, Ditech Financial LLC f/k/a Green Tree Servicing LLC assigned the Deed of Trust to Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, Not Individually But as Trustee for Pretium Mortgage Acquisition Trust. *See* Assignment, attached as

Case No. 4:22-cv-0088; *Wilmington v. Myers*  
Plaintiff Wilmington's Motion for Summary Judgment  
TX-21-78855-JF  
Page 4 of 13

Exhibit 1-9. Said assignment was recorded on October 26, 2018, as Instrument No. RP-2018-489244 in the real property records of Harris County, Texas.  See *Id.*

### 3. Loan Default

The Loan is currently due for July 1, 2009 monthly installment payment. *See* Affidavit of Korey McGovern ¶ 15, attached as Exhibit 1. Notice of default was provided to Leeroy Myers at the Property Address on or about January 29, 2021. *See* Notice of Default and Intent to Accelerate, attached as Exhibit 1-12.

### 4. First Rule 736 Application for Expedited Foreclosure

Defendants attempt to reargue statute of limitations issues and facts litigated in a prior lawsuit filed by the Myers for declaratory relief and quiet title, barred by res judicata and collateral estoppel, and entitled to judicial notice. In summary judgment proceedings, the Court found that Litton had mailed a notice of acceleration to Leeroy Myers on October 5, 2009 and obtained an order for non-judicial foreclosure in 2010 in an expedited foreclosure proceeding, filed in the 129th Judicial District Court, Harris County Texas, Cause No. 2010-36072 ("First Application for Foreclosure"). *See* Court's June 14, 2017 Order Granting Motion for Summary Judgment, attached as Exhibit 2.  After obtaining the foreclosure order, Litton forewent foreclosure and assigned the Deed of Trust to Green Tree. *Id.*

### 5. Second Rule 736 Application for Expedited Foreclosure

Green Tree accepted a payment on the Loan in January 2012 and applied it to the outstanding loan balance. *Id.* Green Tree mailed a notice of rescission of acceleration rescinding the October 5, 2009 notice of acceleration and all prior accelerations. *Id.* Green Tree further accepted and applied another payment on the debt. *Id.*

On April 23, 2014, Green Tree notified the Myers that the note was in default and of its intent to accelerate the Note. *Id.* On January 13, 2015, Green Tree again notified the Meyers of default and intent to accelerate. *Id.* In October 30, 2015, Green Tree, now known as Ditech Financial, LLC ("Ditech") filed an expedited foreclosure proceeding action ("Second Application for Foreclosure"), in the 151st Judicial District Court, Harris County, Texas, Case No. 2015-65145. *Id.*

Defendants filed a motion to dismiss the Application, as here, claiming that the statute of limitations to enforce the Loan had expired and that the assignments were not recorded. Ditech removed the matter to this Court, under Case No. 16-cv-01053. *Id.* Ditech prevailed on its Motion for Summary Judgment. *Id.* Final Judgment dismissing their claims with prejudice was entered against the Myers on June 14, 2017. *See* Final Judgment, attached as Exhibit 3. The Court found that the record had established that Ditech had effectively and timely rescinded the First 2009 Acceleration by several acts, including its August 19, 2013 notice and its acceptance of payments in September 2013. *Id*. at 6.

### 6. Third Rule 736 Application for Expedited Foreclosure

On September 19, 2018, Ditech assigned the Loan to Wilmington. *See* the Assignment, attached as Exhibit 1-9. On November 18, 2019, after mailing the Myers a notice of default and intent to accelerate, Wilmington filed an application for foreclosure in the 127th Judicial District Court, Harris County, Cause No. 2019-83092 ("Third Application for Foreclosure"). Defendants filed a motion to dismiss the Third Application, citing expiration of the statute of limitations and unrecorded assignments. On January 7, 2021, Wilmington filed a notice of nonsuit and notice of rescission of acceleration in the proceedings.

7. **Fourth Application for Judicial Foreclosure**

On January 29, 2021, Selene Finance LP, as servicer for Wilmington, sent a notice of default and intent to accelerate to the Myers at the Property Address. *See* Notice of Default and Intent to Accelerate attached as Exhibit 1-12. On January 10, 2022, Wilmington filed this proceeding for breach of contract and for judicial foreclosure. (Doc. 1.)

The Myers were served with a copy of the Notice of Summons and Complaint for breach of contract and judicial foreclosure in this matter via first-class mail on May 10, 2022, pursuant to Rule 5(b)(2)(C) of the Federal Rule of Civil Procedure. (Doc. 16.) On July 21, 2022, Defendants filed a motion to dismiss for lack of service of process (Doc. 17), which was dismissed by the Court on record on July 29, 2022. The Court then entered a scheduling order setting the deadline for dispositive motions for January 23, 2022. On August 19, 2022, Defendants filed a second motion to dismiss on grounds already reviewed and dismissed by the Court in its prior order. (Doc. 22.) The Second Motion to Dismiss is still pending before the Court.

As of August 12, 2022, the total amount required to pay the accelerated loan balance is $98,180.00, plus 7.4650% interest per annum. *See* Payoff Statement, attached as Exhibit 1-13.

**SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment is appropriate when the pleadings and evidence show that no genuine issue exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Disputes concerning material facts are genuine when the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Douglass v. United Svcs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (citation omitted).

Case No. 4:22-cv-0088; *Wilmington v. Myers*  
Plaintiff Wilmington's Motion for Summary Judgment  
TX-21-78855-JF  
Page 7 of 13

In a summary judgment proceeding, the movant must make a prima facie showing that he is entitled to the relief sought. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). While "the party moving for summary judgment must demonstrate the absence of a genuine issue of material fact," it "need not negate the elements of the nonmovant's case." *Little*, 37 F.3d at 1075. "[R]ather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case." *Baker v. Countrywide Home Loans, Inc.*, No. 3:08-cv-0916-B, 2009 WL 1810036, at *2 (N.D. Tex. Jun. 24, 2009) (citing *Little*, 37 F.3d at 1075).

Once the movant satisfies his burden, the burden shifts to the non-movant to show that there is a genuine factual dispute requiring a trial. *See Ducket v. City of Cedar Park*, 950 F.2d 272, 276 (5th Cir. 1992). "This burden is not satisfied with some metaphysical doubt as to material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Baker*, 2009 WL 1810336, at *2 (quoting *Little*, 37 F.3d at 1075 (internal quotation marks omitted)). The movant's motion must be granted if he satisfies his burden and the non-movant fails to show that genuine issue exists as to a material fact. FED. R. CIV. P. 56(c); *Campbell v. Sonat Offshore Drilling, Inc.*, 979 F.2d 1115, 1119 (5th Cir. 1992), abrogation on other grounds recognized by, 113 F.3d 47 (5th Cir. 1997).

## ARGUMENTS AND AUTHORITIES

### I.   Wilmington Is Entitled to Summary Judgment on Its Claim for Breach of Contract

Under Texas law, the elements of a breach of contract are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach. *Mullins v. Test America, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009); *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007). "A breach occurs when a party fails or refuses to do something he has

promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied).

*First*, Wilmington has shown that a valid Note and Deed of Trust exists. Exs. 1-2, Note; 1-3, Deed of Trust. *Second*, Wilmington has demonstrated that it performed its obligations under the Note and Deed of Trust by notifying the Myers of default and intent to accelerate the Loan. Ex. 1-12, Notice of Default and Intent to Acceleration. Plaintiff's action in filing of this lawsuit for judicial foreclosure specifically accelerates the entire debt and constitutes notice of acceleration. *See Burney v. Citigroup Global Markets Realty Corp.*, 244 S.W.3d 900, 902-904 (Tex. App.—Dallas 2007, no pet.) (Unequivocal action taken by the mortgagee that indicates that the entire mortgage debt is due, such as filing suit to enforce the lien, is sufficient to serve as notice of acceleration). *Third*, the Myers defaulted on their obligation to cure the default, which breach remains uncured. Ex. 1-13, Payoff Statement.

*Fourth*, Wilmington has shown that the Myers' breach caused damages in the amount of the entire outstanding balance of the loan, plus any and all other lawful charges. *Id.* More specifically, Wilmington established that is has suffered damages in the amount of $98,180 as of August 12, 2022, plus 7.4650% interest per annum. *Id.* Payments, interest, late fees, and other fees necessary for the preservation of Wilmington's security interest continue to accrue on the Loan. Wilmington thus is entitled to summary judgment on its breach of contract claim. Accordingly, Plaintiff requests judgment against the Myers on its claim for breach of contract.

## II.     Plaintiff Is Entitled to Summary Judgment on Its Claim for Judicial Foreclosure

Under Texas law, the elements to foreclose a home equity security interest are (1) the existence of a debt; (2) the debt is secured by a lien created under Art. 16, § 50(a)(6) of the Texas Constitution; (3) the borrower is in default under the note and security instrument; and (4)

borrower received notice of default and of acceleration. *See Khoung v. Wilmington Sqv, Fund Soc'y, FSB*, No. 417CV00494ALMCAN, 2018 WL 4608603, at *7 (E.D. Tex. Sept. 7 ,2018), report and recommendation adopted, No, 4:17-CV -494,2018 WL 4599551 (E.D. Tex. Sept. 25, 20lS) *citing Frank v. OneWest Bank, FSB*, No, 4:12CY424, 2014 WL 12564092, at *8- l0 (E.D. Tex. Aug. 15, 2014); *Huston v. U.S. Bank Nat. Ass'n*, 988 F. Supp. 2d 732,740 (S.D. Tex.2013), affd, 583 F. App'x 306 (5th Cir, 2014) (*citing* Tex. Prop. Code Ann. § 51.002), *see also Austin v. Countrywide Homes Loans*, 261 S.W,3d 68, 72 (Tex. App. 2008).

*First*, there is the existence of a debt that; and, *second*, it is secured by a lien created under Art. 16, § 50(a) (6) of the Texas Constitution. Ex. 1-2, Note; Ex. 1-3, Deed of Trust. *Third*, the Loan is currently due for the July 1, 2009 payment, and the Myers are in default under the note and security instrument. Ex. 1-12, Notice of Default; Ex. 1-13, Payoff Statement.

*Fourth*, notice of default and intent to accelerate was provided to the Myers at the Property address on or about March January 29, 2021, demanding payment of all amounts that became due, and the Myers received notice of default.  Ex. 1-12. Notice that the entire balance of the Loan is now due and owing and the Note accelerated was provided on May 10, 2022. (Doc. 16.); *see Burney* at 244 S.W.3d at 902-904. The Myers are in default under the note and security instrument in the amount of $98,180 as of August 12, 2022, plus 7.4650% interest per annum. Ex. 13, Payoff Statement. Wilmington is the mortgagee of the Deed of Trust, which encumbers the Property. Exs. 1-3 through 1-11, Assignments of Deed of Trust. The foregoing evidence establishes Wilmington's right to an order and judgment of foreclosure.

## CONCLUSION

Based on the foregoing, there are no genuine issues of material fact in this matter that Wilmington is entitled to summary judgment on its claims for breach of contract and judicial foreclosure as a matter of law. Wilmington respectfully requests that the Court grant this Motion for Summary Judgment, and declare that the Myers breached the contract to pay their mortgage obligations and that Wilmington is entitled to an order for judicial foreclosure. Wilmington further requests that the Court grant all other and further relief in law or in equity to which they may be entitled.

Respectfully submitted,

**MCCARTHY & HOLTHUS, LLP**

/s/ Ramona V. Ladwig
Ramona Ladwig / SBN: 24092659
rladwig@ mccarthyholthus.com
*Attorney-in-Charge*
Cole Patton / SBN: 24037247
cpatton@mccarthyholthus.com
1255 West 15th Street, Suite 1060
Plano, TX 75075
214-291-3800 (Telephone)
214-291-3801 (Facsimile)


**ATTORNEYS FOR PLAINTIFF
WILMINGTON SAVINGS FUND SOCIETY,
FSB, D/B/A CHRISTIANA TRUST, NOT
INDIVIDUALLY BUT AS TRUSTEE FOR
PRETIUM MORTGAGE ACQUISITION
TRUST**

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2023, I submitted the foregoing to the Clerk for the United States District Court for the Southern District of Texas, Houston Division, and thereby served all parties and/or counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ramona Ladwig*
Ramona Ladwig