IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, §§§§§§§§ *Plaintiff,* §§ v. §§ LEEROY M. MYERS; BARBARA MYERS, §§§§ *Defendants.* § | CASE NO. 4:22-CV-00088 |

## BUSINESS RECORDS AFFIDAVIT

Before me, the undersigned notary, personally appeared _____Korey McGovern_____, a person known to me, who having been sworn stated on oath:

1. My name is _____Korey McGovern_____. I am over the age of 21 years and I am fully competent to make this affidavit. I have personal knowledge of all the facts stated herein, and all statements of fact contained herein are true and correct.

2. I currently hold a position as __Document Execution Specialist__ at Selene Finance, LP ("Selene"), which is the mortgage servicer for the current mortgagee/beneficiary of Wilmington Savings Fund Society, FSB, d/b/a Christiana

Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Trustee" or "Wilmington"), with respect to the mortgage loan at issue involving Leeroy M. Myers and Barbara C. Myers ("Borrowers") and original mortgagee/beneficiary Home123 Corporation.

3. I make this affidavit based on my personal knowledge of the facts contained herein and they are true and correct. My personal knowledge is based on my review of the records described below. In the regular performance of my job functions at Selene, I am familiar with the business records maintained by Selene for servicing mortgage loans, collecting payments and pursuing foreclosure when necessary. These records are kept by Selene in the regular course of business, and it was the regular course of practice of Selene for an employee or representative of Selene with knowledge of the act, event, condition, opinion or diagnosis recorded to make the record or to transmit information thereof to be included in such records; and the record was made at or near the time or reasonably soon thereafter.

4. I researched and reviewed all of the necessary documents in Selene's possession regarding Borrowers' loan that was serviced by Selene ("Loan"), including prior servicer files which Selene has incorporated into its own records and relies upon their accuracy, and the statements in this Affidavit are based upon my research and review of these documents.

5. On or about June 10, 1985, Borrowers obtained title to the real property located at 12215 Carola Forest Dr., Houston, TX 77044 ("Property"), which is legally described as:

> LOT NINETEEN (19), IN BLOCK EIGHT (8), OF REPLAT OF KINGS LAKE FOREST, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 279, PAGE 64 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS

A special warranty deed reflecting this transaction was recorded on April 3, 2006 in the official records of Harris County, Texas under instrument number K275049 ("Warranty Deed"). A true and correct copy of the Warranty Deed is attached hereto and incorporated herein as Exhibit 1-1.

6.   On or about March 27, 2006, Borrowers executed a Texas Home Equity Note ("Note") and Texas Home Equity Security Instrument ("Deed of Trust", collectively the Note and Deed of Trust are the "Loan") which secured a loan in the amount of $50,000.00 against the Property. Home123 Corporation was the original lender and beneficiary under the Deed of Trust. The Deed of Trust was recorded on April 3, 2006, as Instrument No. Z198524 in the real property records of Harris County, Texas. True and correct copies of the Note and Deed of Trust are attached hereto and incorporated herein as Exhibits 1-2 and 1-3, respectively.

7.   Home123 Corporation was an assumed name of New Century Mortgage Corporation. An assumed name certificate was filed with the Office of the Secretary of State of Texas on April 7, 2004. A true and correct copy of said assumed name certificate is attached hereto and incorporated herein as Exhibit 1-4.

8.   On or about April 17, 2008, a document was executed reflecting the assignment of the Deed of Trust from New Century Mortgage Corporation ("New Century") to Mortgage Electronic Registration Systems Inc., its successors and

assigns ("MERS") ("New Century-MERS"). Said assignment was recorded on April 23, 2008, as Instrument No. 20080202549 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 1-5.

9. On or about November 2, 2009, a document was executed reflecting the assignment of the Deed of Trust from MERS to Litton Loan Servicing LP ("Litton") ("MERS-Litton Assignment"). Said assignment was recorded on November 12, 2009, as Instrument No. 20090517332 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 1-6.

10. On or about January 26, 2011, a document was executed reflecting the assignment of the Deed of Trust from Litton to Green Tree Servicing LLC, its successors and assigns ("Green Tree"). Said assignment was recorded on February 1, 2011, as Instrument No. 20110045150 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 1-7.

11. On July 21, 2011, a document correcting the MERS-Litton assignment was executed, and recorded on July 21, 2011 as Instrument No. 20110300687 in the real property records of Harris County, Texas. A true and correct copy of said corrective assignment is attached hereto and incorporated herein as Exhibit 1-8.

12. On or about September 19, 2018, a document was executed reflecting

the assignment of the Deed of Trust from Green Tree now known as Ditech Financial LLC to current beneficiary/mortgagee Wilmington. Said assignment was recorded on October 26, 2018, as Instrument No. RP-2018-489244 in the real property records of Harris County, Texas. A true and correct copy of said assignment is attached hereto and incorporated herein as Exhibit 1-9.

13. On October 24, 2018, a document correcting and replacing the MERS-Litton assignment was executed and recorded on November 9, 2018 as Instrument No. RP-2018-510752 in the real property records of Harris County, Texas. A true and correct copy of said corrective assignment is attached hereto and incorporated herein as Exhibit 1-10.

14. The New Century-MERS assignment was rerecorded on May 7, 2019 to add to the Deed of Trust recording references as Instrument No. RP-2019-188566 in the real property records of Harris County, Texas. A true and correct copy of said rerecorded assignment is attached hereto and incorporated herein as Exhibit 1-11.

15. The Loan was due for July 1, 2009 payment; and notice of default was provided to Borrowers on or about January 29, 2021, demanding payment of all amounts that were past due. A true and correct copy of said notice of default is attached hereto and incorporated herein as Exhibit 1-12.

16. The Loan records reflect that the accelerated Loan balance is and will be $98,180 through August 12, 2022, plus 7.4650% interest per annum. A true and correct copy of the payoff statement is attached hereto and incorporated herein as Exhibit 1-13.

FURTHER AFFIANT SAYETH NOT.

Signed this __19__ day of __December__, 2022.

Selene Finance, LP

_____
Name: Korey McGovern
Title: Document Execution Specialist

STATE OF __Florida__   §
                       §
COUNTY OF __Duval__    §

SWORN AND SUBSCRIBED to before me, the undersigned notary public, on this __19__ day of __December__, 2022.

_____
Notary Public, in and for the State of __Florida__

COLIN GOLD
MY COMMISSION # HH 236312
EXPIRES: April 22, 2026