UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,<br><br>*Plaintiff*,<br><br>v.<br><br>LEEROY M. MYERS; BARBARA MYERS,<br><br>*Defendants*. | CIVIL ACTION 4:22-cv-00088 |

**[PROPOSED ORDER] PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST'S MOTION FOR SUMMARY JUDGMENT**

This case is before the Court on Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington")'s Motion for Summary Judgment ("Motion"). Having considered the Parties' submissions and the law, the Court hereby grants the Motion.

It is further ORDERED that Wilmington's first lien securing its home equity extension of credit on real property located at 12215 Carola Forest Drive, Houston, Texas, 77044, and legally described as follows:

LOT NINETEEN (19), IN BLOCK EIGHT (8), OF REPLAT OF KINGS LAKE FOREST, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 279, PAGE 64 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

("Property"), is hereby established. *See* the Note and Deed of Trust, attached respectively as Exhibits 1-2 and 1-3 to the Motion;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that as the current legal owner and holder, Wilmington and its successors and assigns has the right to enforce the Note and Deed of Trust; Wilmington has fully performed its obligations under Note and Deed of Trust; and defendants Leeroy M. Myers and Barbara Myers ("Defendants") have defaulted on their obligations under the Note and Deed of Trust and has failed to cure the default;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wilmington is authorized to foreclose on the Note and Deed of Trust on the Property pursuant to the terms of the Deed of Trust and Tex. Prop. Code § 51.002; in the alternative, pursuant to Tex. R. Civ. P. 309, judgment for judicial foreclosure is hereby declared and granted to Wilmington, and a marshal, constable, or sheriff shall seize and sell the Property in satisfaction of this judgment; and, after this judgment becomes final and the foreclosure sale is held, if the Property remains occupied and Plaintiff, its successors in interest or assigns, is the purchaser of the Property at the foreclosure sale, a writ of possession shall issue against any occupant of the Property in accordance with Tex. R. Civ. P. 310;

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that one of the effects of the resulting foreclosure sale shall be that Defendants shall be divested of all right, title, or interest in and of the Property, if any, and the purchaser of the Property at the foreclosure sale be vested with all right, title, and interest in and of the Property;

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, in foreclosing its lien, Wilmington is entitled to apply the proceeds from the sale of the property against amounts

owed and due under the Note and Deed of Trust, which as of August 12, 2022, amounts to $98,180.00, plus 7.4650% interest per annum, together with other accrued and accruing interest, late charges and advances, and any other charges incurred and incurring under the Note and Deed of Trust.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all conditions precedent to Wilmington's claims for relief have been performed, occurred, or satisfied.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Wilmington has retained the law firm of McCarthy & Holthus and is entitled to reasonable attorney's fees and costs related to this proceeding authorized under the Note and Deed of Trust, and any other applicable statute.

It is further ORDERED that costs of court, recoverable under Federal Rule of Civil Procedure 54(d) (1) and 28 U.S.C. § 1920, shall be taxed against the Defendants.

IT IS FINALLY ORDERED that this judgment disposes of all parties and all claims in this matter, and is a final and appealable judgment.

Signed on _____, at Houston, Texas.

_____
Hon. Keith P Ellison
United States District Judge