# IRA D. JOFFE
### Attorney At Law

6750 WEST LOOP SOUTH # 830
BELLAIRE, TEXAS 77401

(713) 661-9898
FAX (888) 335 - 1060

March 31, 2011

Ms. Kirsten Castaneda, Esq.
Locke Lord et al.
2200 Ross Avenue, Suite 2200
Dallas, TX 75201

**VIA FAX ONLY TO (214) 756-8533**

**RE:**  IN RE: ORDER FOR FORECLOSURE CONCERNING
BARBARA C. MYERS AND LEEROY MYERS
            AND
12215 CAROLA FOREST DRIVE, HOUSTON, TX 77044
            AND
LITTON LOAN SERVICING, L.P.

CAUSE NUMBER 2010-36072
129TH JUDICIAL DISTRICT, HARRIS COUNTY, TEXAS

**BARBARA C. MYERS AND LEEROY MYERS, PLAINTIFF(S)**
        **V.**
**LITTON LOAN SERVICING, L.P.**
        **And**
**BARRETT, DAFFIN, ET. AL, DEFENDANTS**
**CAUSE NUMBER [ NOT YET FILED ]**
**129TH HARRIS COUNTY, TEXAS**

Dear Ms. Castaneda:

At a minimum, the Order For Foreclosure was obtained through an unintentional deception on the court, in a case brought by a party with no standing, and based on demonstrably false statements within its own documents, verified under oath by a person who is more than likely a "robosigner" with absolutely no personal knowledge of the facts.

Enclosed please find a copy of the chronology of events relating to the loan. Charitably put, it is a hopeless mess and the Order For Foreclosure should be treated as a nullity.  Our position will be clearer if you read it before continuing with the rest of this letter. The highlights include:

\*   The wrong middle initial for the only borrower is on the Note; it differs from the name on the Deed of Trust;

\*   New Century never transferred an interest in the Note to anyone.  It gave all its interest in the "mortgage executed by Leeroy M. Myers."  There is no such "mortgage" instrument.  Even if the deed of trust were a "mortgage" the only document provided was signed by two people, not one;

\*   The default notice was sent on behalf of the owner and holder of the mortgage, under an agreement with MERS as nominee.  There is no mortgage and MERS was never a nominee, it was a complete owner of its bundle of rights;

\*   Litton's affidavit is totally false where the affiant swore that Barbara Myers had any liability on a non-recourse loan she never signed.  This is a slam dunk FDCPA and Chapter 392 Texas Finance Code violation;

\*   Litton claimed to the court that it could enforce the Note under §3.301 Texas Business and Commerce Code – it does not meet any of the requirements and never had standing;

\*   The only thing that Green Tree was assigned was an interest in "certain deed of trust" but that instrument was never assigned to Litton to be able to assign it to Green Tree.  They could not have sold what they did not own.

None of the assignments show the involvement of any securitized trusts so there should be no problem in reaching a quick resolution.

This was only a $50,000.00 loan to begin with and that is all the property is appraised at now.  Please let me know if you think this case is ripe for a negotiated settlement.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms


cc:   Mr. & Mrs. Leeroy Myers
      12215 Carola Forest Drive
      Houston, TX 77044