UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, <br><br> *Plaintiff*, <br><br> v. <br><br> LEEROY M. MYERS; BARBARA MYERS, <br><br> *Defendants*. | § § § § § § § § § § § § § § § | CIVIL ACTION 4:22-cv-00088 |

**PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST'S REPLY RE ITS MOTION FOR SUMMARY JUDGMENT**

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Wilmington" or "Plaintiff"), files this Reply to defendants Leeroy M. Myers and Barbara Myers (the "Myers" or "Defendants")'s Response to Wilmington's Motion for Summary Judgment, and, in support thereof, states as follows.

**REPLY**

Defendants' Response (Doc. 32) fails to demonstrate disputed issues of material fact and provides further grounds to support Plaintiff's Motion for Summary Judgment. The Response

argues that Plaintiff's Affidavit is improperly notarized, that it is not based on personal knowledge, that a lender cannot unilaterally rescind acceleration of the note to extend the statute of limitations, and that Plaintiff lacks standing due to a rejection of executory contracts filed in a Chapter 11 Bankruptcy allegedly filed by a predecessor in interest to the Loan matter.

Each of Defendant's arguments is based on a misunderstanding of the law and a mischaracterization of the facts. Plaintiff's Affidavit is proper because it meets the standards of Rule 56(c)(4) of the Federal Rules of Civil Procedure and was properly notarized in the presence of a notary. Furthermore, numerous precedents establish that a mortgagee may unilaterally rescind a prior acceleration of a note by giving clear written notice of rescission, which stops the four-year statute of limitations to foreclose the deed of trust. Finally, the Chapter 11 rejection of executory contracts does not apply to any predecessor in this case. Given that there are no disputed issues of material fact, Plaintiff is thus entitled to summary judgment. (Doc. 28.)

**I.     Plaintiff's Affidavit in Support of its Motion for Summary Judgment is Admissible Evidence Under Rule 56(c)(4) of the Federal Rules of Civil Procedure**

Plaintiff's Affidavit of Korey McGovern in Support of its Motion for Summary Judgment ("McGovern Affidavit") (Doc. 28-1) meets the standards of Rule 56(c)(4). Rule 56(c)(4) requires that such affidavits shall: (1) be made on personal knowledge, (2) set forth such facts as would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Fed. R. Civ. Pro. 56(c)(4).

The personal knowledge requirement is satisfied when the court can reasonably infer personal knowledge from the affidavit itself. *Campbell Harrison & Dagley, L.L.P. v. PBL Multi-Strategy Fund, L.P.*, 744 F. App'x 192, 198 (5th Cir. 2018) (*citing DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005)). While a declaration need not expressly state that its

2

statements are based on the declarant's personal knowledge, personal knowledge must be reasonably inferable from the declarant's position and the nature of his or her participation in the sworn matters. *DIRECTV, Inc.*, 420 F.3d at 530. In a corporate setting, personal knowledge may be based on access to company records and reports, and not just personal presence during the events at issue. *Id.* at n. 40.

Here, affiant McGovern states he is a document execution specialist, that he has personal knowledge of the records of the loan based on a review of servicer's Selene Finance, LP's records, and that he is competent to testify to matters stated in the Affidavit. (Doc. 28-1 ¶¶ 1-6.) These statements demonstrate McGovern has personal knowledge of Selene's record keeping practices and that he is competent to testify at trial. Additionally, the Affidavit sets forth facts admissible in evidence, such as to the matter of Mr. Myers execution of the Deed, the Note, and the Deed of Trust involved in this matter, the chain of assignment of the Note to Wilmington, Mr. Myer's default on the Note, and the notices of default and acceleration sent to Mr. Myers at the Property address. (Doc. 28-1 ¶¶ 1-16.) The McGovern Affidavit thus meets the standards of Rule 56(c)(4).

Defendants object to the Affidavit on grounds that the Affidavit is not properly notarized, that the statements are not based on personal knowledge, and that the statements are contradicted by the exhibits attached to the Affidavit, specifically as to Mrs. Myers execution of the deed and promissory note. (Doc. 32 at 5.) As to the notarization of the Affidavit, in Texas, a certificate of a notary is proper and not defective where the party appeared before a notary public. *See Wise v. Cain*, 212 S.W.2d 880 (Tex.1948) ("It is of course true that to constitute a notarial certificate to an affidavit valid, the affiant must appear personally before the notary; absent which the certificate is false…"). The Affidavit is not defective because it demonstrates that affiant

3

McGovern appeared personally before the notary in Duval County, Florida. As discussed, the Affidavit is also based on McGovern's review of servicer's Selene Finance, LP's records, and that he is competent to testify to matters stated in the Affidavit, specifically as to the matter of Mr. Myers execution of the Deed, the Note, and the Deed of Trust involved in this matter. (Doc. 28-1 ¶¶ 1-16.) Further, the Affidavit does not contradict the essential matter as to Mr. Myer's execution of the Deed, the Note, and Deed of Trust. The McGovern Affidavit is thus admissible summary judgment evidence under Rule 56(c)(4).

II. **Unilateral Actions of a Lender in Accepting Payments and Filing a Notice of Rescission of Acceleration Rescinds Acceleration of the Note and Stops the Statute of Limitations Applicable to Foreclosure of a Deed of Trust**

Section 16.035(b) of the Texas Civil Practice and Remedies Code provides "[a] sale of real property under a power of sale in a mortgage or deed of trust that creates a real property lien must be made not later than four years after the day the cause of action accrues." Furthermore, a cause of action for non-judicial foreclosure accrues "when the holder actually exercises its option to accelerate" the maturity date of the loan. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 566 (Tex. 2001).

Pursuant to Section 16.038 of the Texas Civil Practice and Remedies Code, an effective rescission or waiver can be made by serving a written notice by first class or certified mail. *See* Order Granting Summary Judgment in Removal Proceedings, *Myers v. Ditech Financial, LLC et al.*, Case No. 16-cv-1053, at United States District Court, Southern District of Texas, June 14, 2017 *citing Graham v. LNV Corp.*, No. 03-16- 00235-CV, 2016 WL 6407306 at *4 (Tex. App. -- Austin Oct. 26, 2016, pet. denied). (Docs. 28-15; 28-16.)

The Fifth Circuit has also numerous times held that a lender may unilaterally rescind a notice of acceleration. *Id. citing Boren v. Nat. Bank Assoc.*, 807 F.3d 99, 106 (5th Cir. 2015);

*Nunnery v. Ocwen Loan Serv.*, LLC, 641 F. App'x 430, 433 (5th Cir. 2016). *See also Costello v. U.S. Bank Trust, N.A.*, Civ. A. No. H-16-702, 2016 WL 5871459 at *4 (S.D. Tex. Oct. 7, 2016); *Mendoza v. Wells Fargo Bank, N.A.*, Civ. A. No. H-14-554, 2015 WL 338909 at *5 (S.D. Tex. Jan. 23, 2015).

In addition, acceleration of a note may be abandoned by the holder by acceptance of an installment payment. *Id. citing Wolf*, 44 S.W.3d at 566-67; *Boren*, 807 F.3d at 104; *Smither v. Ditech Fin. LLC*, No. 16-20392, __ F. App'x ___, 2017 WL 58314 at *5 (5th Cir. Mar. 10, 2017).

Defendants essentially contend that the October 5, 2009 acceleration of the loan of the First Rule 736 Application for Expedited Foreclosure[1] cannot be rescinded by the unilateral actions of a lender, in accepting payments and sending notice that it rescinded acceleration, because doing so would be "granting itself an unending right when the applicable limitations period is prescribed by statute." (Doc. 32 at 8).

This exact argument however has been foreclosed by several precedents. *Boren v. United States National Bank Ass'n*, 807 F.3d 99, 105 (5th Cir. 2015) (Texas' intermediate appellate courts are in agreement that the holder of a note may unilaterally abandon acceleration after its exercise.…") Not only may lenders unilaterally rescind and abandon an acceleration, a lender unilaterally abandons acceleration of a note "by sending notice to the borrower that the lender is no longer seeking to collect the full balance of the loan and will permit the borrower to cure its default by providing sufficient payment to bring the note current under its original terms." *Id.*

Rescission and abandonment of acceleration of the Note is even clearer when, as here, it is express: Green Tree Servicing, LLC's August 19, 2013 notice stated that "This letter is formal

---

[1] Plaintiff uses the same terms and definitions as used in its Motion for Summary Judgment. (Doc. 28.)

5

notice of the following: Mortgagee under the Deed of Trust reference below hereby rescinds the notice of acceleration dated October 5, 2009 and all prior notices of acceleration. Mortgagee further agrees that the Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Deed of Trust." (Doc. 32 at 10; Doc. 31-2 at 6, August 19, 2013 Notice of Rescission of Acceleration.)

Accordingly, Green Tree effectively rescinded the October 5, 2009 acceleration and "the statute of limitations period under § 16.035(a) ceased to run at that point and a new limitations period did not begin" until the note was re-accelerated. *Boren*, 807 F.3d at 106. Notably, the Myers' lawsuit to declare the Note and Deed of Trust void on grounds that the statute of limitations allegedly expired, raised the same argument that the statute of limitations expired since October 5, 2009 with the filing of the First Rule 736 Application for Expedited Foreclosure. The Court rejected the same arguments on the precedents and evidence that notice of acceleration can and was in fact rescinded on this Loan with August 19, 2013 notice of rescission of acceleration and acceptance of payments. (Docs. 28-15; 28-16.)

The note was reaccelerated with the filing of the Third Rule 736 Application for Expedited Foreclosure, in the 127th Judicial District Court, Harris County, Cause No. 2019-83092, on November 18, 2019. Defendants do not dispute that on January 7, 2021, Wilmington filed a notice of nonsuit and notice of rescission of this November 18, 2019 acceleration in the proceedings. (Doc. 32 at 13.) This January 7, 2021 notice of rescission of acceleration ceased the limitations period under § 16.035(a) and a new limitations period did not begin" until the note was re-accelerated. *Boren*, 807 F.3d at 106.

The note was again reaccelerated with the filing of this Fourth Application for Judicial Foreclosure on January 10, 2022, which began a new limitations period ending on January 10,

2026. (Doc. 1 ¶ 17.) As Defendants do not dispute the facts of the history of acceleration and rescission of acceleration of the note, the summary judgment evidence undisputedly establishes that Plaintiff's action to foreclose is well within the statute of limitations.

Plaintiff attached a payoff statement showing the amount due and owning on the loan is $98.180.00 as of August 12, 2022, plus 7.4650% interest per annum. Defendants do not dispute that the loan is in default for this amount. (Doc. 32 at 21.) Defendants rather argue that the delinquent interest as of August 12, 2022 is incorrect because it should be higher from the interest as of April 12, 2021, and therefore creates a conflict. Defendants own argument however demonstrate that there is no dispute that $98,180.00 amount is due and owning on the loan.

Plaintiff attached the chain of assignments of the Note and Deed of Trust from Home 123 Corporation operating under the assumed name of New Century Mortgage Corporation to Plaintiff, the entity that assigned the Note and Deed of Trust to MERS. (Docs. 28-1; 28-5 to 28-12.) Defendant argues that the assignment to MERS was invalid due to a notice of rejection of executory contracts that an entity named New Century TRS Holdings, Inc. filed in a Chapter 11 Bankruptcy. (Doc. 32 at 22.) The matter here however does not involve an assignment from a New Century TRS Holdings, Inc. to MERS, but rather involves an assignment from a different entity, Home 123 Corporation operating under the assumed name of New Century Mortgage Corporation, to MERS. As such, the Notice of Rejection of Executory Contracts filed by New Century TRS Holdings, Inc. is irrelevant to the assignments in this case. Defendants thus fail to raise a fact issue as to the validity of the assignments involved in this matter.

In their Response, Defendants assert claims of offset and violation of Section 392 of the Texas Finance Code. These claims were not raised in Plaintiff's Complaint, and are not properly before the Court. A claim which is not raised in the complaint but, rather, is raised only in

7

response to a motion for summary judgment is not properly before the court. *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir.1990). Even if properly raised, Defendants claims for offset and violation of Section 392 of the Texas Fiancé Code have no merit. Defendant is not entitled to an offset the mortgage for repairs done to the Property as the Note and Deed of Trust do not authorize this. Defendant has provided no legal or factual support for this claim.

Further, Plaintiff has not sought to collect a debt from Mrs. Myers. Plaintiff has sought a judgment for foreclosure of a Texas Home Equity deed of trust against the Property. As Plaintiff is engaged in litigation, it is not seeking to collect a debt, and is not a debt collector within the meaning of "debt collectors" under the Texas Finance Code. Defendants also speculatively argue that prior servicers Saxon Mortgage Services and Litton Loan Servicing did not accept their payments, and present no evidence to support this claim. As such, Defendants fail to raise disputed issues of material fact as to Plaintiff's claims. Plaintiff is thus entitled to summary judgment.

## CONCLUSION

WHEREFORE, Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust requests that the Court grant its Motion for Summary Judgment on its claims for breach of contract and declaratory judgment for foreclosure.

Respectfully submitted,

**MCCARTHY & HOLTHUS, LLP**

/s/ Ramona V. Ladwig
Ramona Ladwig / SBN: 24092659
rladwig@ mccarthyholthus.com
*Attorney-in-Charge*
Cole Patton / SBN: 24037247
cpatton@mccarthyholthus.com
1255 West 15th Street, Suite 1060
Plano, TX 75075
214-291-3800 (Telephone)
214-291-3801 (Facsimile)

**ATTORNEYS FOR PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2023, I submitted the foregoing to the Clerk for the United States District Court for the Southern District of Texas, Houston Division, and thereby served all parties and/or counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ramona Ladwig*
Ramona Ladwig