UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST, | § § § § § § | |
| *Plaintiff*, | § § | CIVIL ACTION 4:22-cv-00088 |
| v. | § § | |
| LEEROY M. MYERS; BARBARA MYERS, | § § § § | |
| *Defendants*. | § | |

**PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS**

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Plaintiff") answers the Defendants Leeroy M. Myers and Barbara Myers' (collectively "Defendants") Original Answer and Counterclaims ("Counterclaim") filed on February 10, 2023 as follows. Any allegations not expressly admitted are hereby denied:

## COUNTERCLAIMS

### A. Offset for the Value of the Repairs after Hurricane Harvey

75[1].   Plaintiff admits to the extent that the Court has jurisdiction over the controversy under 28 U.S.C. § 1332.  Except as expressly provided, Plaintiff is without sufficient knowledge or paragraph 75 of the Counterclaim, and on that basis denies each allegation contained therein.

76.   Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 76 of the Counterclaim, and on that basis denies each allegation contained therein.

77.   Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 77 of the Counterclaim, and on that basis denies each allegation contained therein.

### B. Bad Faith Failure to Settle for Twelve Years

78.   Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78 of the Counterclaim, and on that basis denies each allegation contained therein.

79.   Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 79 of the Counterclaim, and on that basis denies each allegation contained therein.

80.   Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 80 of the Counterclaim, and on that basis denies each allegation contained therein.

---

[1] Paragraphs 1-74 of Defendants' Original Answer and Counterclaims consists of the Original Answer and the Counterclaim begins with paragraph 75.

81. Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 81 of the Counterclaim, and on that basis denies each allegation contained therein.

82. Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 82 of the Counterclaim, and on that basis denies each allegation contained therein.

C. **Chapter 392 Texas Finance Code Violation**

83. Plaintiff is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 83 of the Counterclaim, and on that basis denies each allegation contained therein.

84. In response to paragraph 84 of the Counterclaim, Plaintiff denies these allegations.

85. In response to paragraph 85 of the Counterclaim, Plaintiff denies these allegations.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Counterclaim and to each cause of action contained therein, Plaintiff alleges as follows:

### First Affirmative Defense
(Failure to State a Claim)

The Counterclaim, and each and every cause of action therein, fails to state facts sufficient to constitute a cause of action against Plaintiff.

### Second Affirmative Defense
(Unclean Hands)

Plaintiff is informed and believes and based thereon alleges that the claims of Defendants against Plaintiff are barred, in whole or in part, by operation of the doctrine of unclean hands.

Case No. 4:22-cv-0088; *Wilmington v. Myers*  
Wilmington's Original Answer to Counterclaim  
TX-21-78855-JF  
Page 3 of 10

### Third Affirmative Defense
(Assumption of Risk)

Plaintiff is informed and believes and based thereon alleges that at all times and places mentioned in the Counterclaim, other parties, including Defendants, were fully aware of the facts, matters and circumstances surrounding said matters, voluntarily and knowingly entered into and engaged in the acts and conduct alleged in the Counterclaim, and voluntarily and knowingly assumed all the risk of any injury and/or damage incident to such acts and conduct.

### Fourth Affirmative Defense
(Consent/Ratification)

Plaintiff is informed and believes and based thereon alleges that Defendants consented to all of Plaintiff's acts or omissions that gave rise to the occurrences alleged in the Counterclaim, and subsequently ratified that conduct.

### Fifth Affirmative Defense
(Willful Misconduct Of Others)

Plaintiff is informed and believes and based thereon alleges that any injury or damage to Defendants was the result of willful misconduct of parties other than Plaintiff.

### Sixth Affirmative Defense
(Negligence Of Others)

Plaintiff is informed and believes and based thereon alleges that any injury or damage to Defendants was the result of the negligent or otherwise wrongful acts of parties other than Plaintiff.

### Seventh Affirmative Defense
(Damages Caused By Negligence Of Defendants)

Plaintiff is informed and believes and based thereon alleges, that at all times alleged in the Counterclaim, Defendants failed to exercise ordinary and reasonable care on Defendants' own behalf and negligently and carelessly was the proximate cause of some portion, up to and including the whole thereof, of Defendants' alleged injuries and damages, if any, and Defendants' recovery,

therefore, should be barred and/or reduced according to the law, up to and including the whole thereof.

### Eighth Affirmative Defense
(Compliance with Applicable Law)

Plaintiff is informed and believes and based thereon alleges, that the Counterclaim is barred by virtue of the fact that Plaintiff has not violated applicable law and have fully performed, discharged, and satisfied all obligations and duties imposed upon them by law.

### Ninth Affirmative Defense
(No Proximate Cause)

Plaintiff is informed and believes and based thereon alleges that the injuries and damages in this case, if any, were proximately caused by the conduct of parties other than Plaintiff, and such conduct was an intervening and superseding cause as to the liability, if any, of Plaintiff.

### Tenth Affirmative Defense
(No Agency)

Plaintiff is informed and believes and based thereon alleges that the other third parties alleged in the Counterclaim were not and are not the agents of Plaintiff.

### Eleventh Affirmative Defense
(No Ratification Of Conduct Of Agents)

Plaintiff is informed and believes and based thereon alleges that if the other third parties alleged in the Counterclaim are found to have been agents of Plaintiff, which Plaintiff denies, their alleged conduct was not authorized or ratified by Plaintiff, and Plaintiff is not liable for their conduct.

### Twelfth Affirmative Defense
(Estoppel)

Plaintiff is informed and believes and based thereon alleges that Defendants, by reason of their knowledge, statements, conduct, approval, authorization and/or ratification, are estopped from recovery herein.

### Thirteenth Affirmative Defense
(Laches)

Plaintiff is informed and believes and based thereon alleges that the claims of Defendants are barred, in whole or in part, by operation of the doctrine of laches.

### Fourteenth Affirmative Defense
(Waiver)

Plaintiff is informed and believes and based thereon alleges that Defendant waived any right they had to complain about the acts or omissions alleged in the Counterclaim.

### Fifteenth Affirmative Defense
(Justified Business Acts)

At all times mentioned in the Counterclaim, Plaintiff acted lawfully and within their legal rights, with a good faith belief in the exercise of that right, and in the furtherance of a legitimate business purpose. Furthermore, Plaintiff acted in good faith in the honest belief that the acts, conduct and communications, if any, of Plaintiff were justified under the circumstances based on information reasonably available to Plaintiff.

### Sixteenth Affirmative Defense
(Unjust Enrichment)

Plaintiff is informed and believes and based thereon alleges, the Counterclaim, and/or each and every purported cause of action contained therein, is barred because Defendants would be unjustly enriched if they prevailed on the Counterclaim.

### Seventeenth Affirmative Defense
(Offset)

Plaintiff is informed and believes and based thereon alleges, that any injury or damage to Defendants is offset by amounts owed by Defendants to Plaintiffs. The amount of offset will be according to proof at trial.

### Eighteenth Affirmative Defense
(Prior Material Breaches Of Agreements)

Plaintiff is informed and believes and based thereon alleges, that Defendants committed prior material breaches of the loan documents by failing to comply with their obligations under the loan documents, by committing defaults under the loan documents, and by failing to timely cure these defaults.

### Nineteenth Affirmative Defense
(Speculative Damages)

Plaintiff is informed and believes and based thereon alleges, that Defendants' alleged damages are speculative and not capable of being determined with reasonable certainty.

### Twentieth Affirmative Defense
(Statute Of Limitations)

Recovery for any injury or damage to Defendants is barred by the applicable statute of limitations, including, but not limited to, 12 U.S.C. § 2614.

### Twenty-First Affirmative Defense
(Good Faith)

Defendants' Counterclaim and each claim for relief therein is barred because Plaintiff acted in good faith and Plaintiff's conduct is and was privileged or justified, and Plaintiff acted without malice.

**Twenty-Second Affirmative Defense**
(No Actual Damages)

Plaintiff is informed and believes that Defendants have not sustained any actual damages as a result of the acts alleged in this action.

**Twenty-Third Affirmative Defense**
(Unknown Affirmative Defenses)

Plaintiff presently has insufficient knowledge and information on which to form a belief as to whether it has additional, but as yet unstated, affirmative defenses available to it, and reserves the right to assert additional affirmative defenses in the event discovery indicates such defenses would be appropriate.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That Defendants take nothing against Plaintiff by their Counterclaim and that the Counterclaim be dismissed with prejudice;

2. That judgment be entered in favor of Plaintiff; and

3. That this Court award such further relief as it deems just and proper.

Respectfully submitted,

**MCCARTHY & HOLTHUS, LLP**

/s/ Ramona V. Ladwig
Ramona Ladwig / SBN: 24092659
rladwig@ mccarthyholthus.com
Cole Patton / SBN: 24037247
cpatton@mccarthyholthus.com
1255 West 15th Street, Suite 1060
Plano, TX 75075
214-291-3800 (Telephone)
214-291-3801 (Facsimile)

**ATTORNEYS FOR PLAINTIFF
PLAINTIFF WILMINGTON SAVINGS FUND
SOCIETY, FSB, D/B/A CHRISTIANA TRUST,
NOT INDIVIDUALLY BUT AS TRUSTEE FOR
PRETIUM MORTGAGE ACQUISITION
TRUST**

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2023, I submitted the foregoing to the Clerk for the United States District Court for the Southern District of Texas, Houston Division, and thereby served all parties and/or counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2).

*/s/ Ramona Ladwig*
Ramona Ladwig

Case No. 4:22-cv-0088; *Wilmington v. Myers*  
Wilmington's Original Answer to Counterclaim  
TX-21-78855-JF  
Page 10 of 10