# IRA D. JOFFE
Attorney At Law

6750 WEST LOOP SOUTH # 920
BELLAIRE, TEXAS 77401

(713) 661-9898
FAX (888) 335 - 1060

May 29, 2023

Hon. Keith P. Ellison
United States District Judge
515 Rusk, Room 3716
Houston, TX 77002

**VIA ECF ONLY**

**RE:** ***Wilmington Savings v. Myers*, Civil Action 4:22-cv-00088, Southern District of Texas, Houston Division**

Dear Judge Ellison:

In January the Fifth Circuit reconfirmed that "Texas law provides that the elements of waiver are: "(1) an existing right, benefit, or advantage held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right."' Thompson v. Bank of Am. Nat. Ass'n, 783 F.3d 1022, 1025 (5th Cir. 2015) (quoting Ulico Cas. Co. v. Allied Pilots Ass'n, 262 S.W.3d 773, 778 (Tex. 2008))." *In re Griffith*, No. 22-10527 (5th Cir., Summary Calendar, January 30, 2023).

Those same precise elements of waiver from *Ulico* are set out in *Perry Homes v. Cull*, 258 S.W.3d 580, 602-603 (Tex. 2008), cited on Page 6 of the Defendant's Summary Judgment Response. Doc. 32, 9. *Ulico* is still good law and it is applicable here.

The evidence in the Plaintiff's Motion For Summary Judgment conclusively proves that the relinquishment of the known right to foreclose was intentional. "After obtaining the foreclosure order, Litton forewent foreclosure and assigned the Deed of Trust to Green Tree." Doc. 28, 9. That was followed in the next paragraph by "Green Tree mailed a notice of rescission of acceleration rescinding the October 5, 2009 notice of acceleration and all prior accelerations." *Id*.

Wilmington's Exhibit 2 is the June 14, 2017 Order[1] from the previous federal litigation, Civil Action 16-1053. Doc. 28-15, 6. They relied on it for their argument that "[t]he Court found that the record had established that Ditech had effectively and timely rescinded the First 2009 Acceleration by several acts, including its August 19, 2013 notice and its acceptance of payments in September 2013. *Id*. at 6," Doc 28, 6.

The pattern of intentional waiver of rights never ended. "On January 7, 2021, Wilmington filed a notice of nonsuit and notice of rescission of acceleration in the" third Rule 736 Application. Doc. 28, 6.

The applicable *Ulico* standard vitiates Wilmington's claim against the Myers as a matter of law but does not resolve the Myers' counterclaims against Wilmington.

New evidence from Wilmington undercuts the credibility of the their records supporting the Motion. The statement due on April 1, 2023 demanded an Amount Due of $121,779.62. Defendants' Exhibit 10. That inexplicably dropped by over nine thousand dollars to an Amount Due of $112,136.52 on the statement due a month later on May 1, 2023. Defendant's Exhibit 11. Those documents are attached. There is no explanation for the decrease of more than nine thousand dollars when no payment was made. They cannot both be correct.

If nothing else, the two conflicting statements have created a potential new cause of action under the Texas Finance Code by making an inaccurate demand.

The Myers would prefer a global resolution over more litigation. Instead of the summary judgment hearing currently set for Friday, June 2, 2023, they are open to a settlement conference with a magistrate judge in the near future.

This was conveyed to Plaintiff's counsel in writing on May 24, 2023, but there has been no response.

Sincerely,

Ira D. Joffe, Esq.

---

[1] Mislabeling it as the Final Judgment.

IJ/ms

cc:   Mr. Cole Patton, Esq.
      McCarthy Holthus, LLP
      Counsel for Plaintiff
      **cpatton@mccarthyholthus.com**

      Ms. Ramona Ladwig, Esq.
      McCarthy Holthus, LLP
      Counsel for Plaintiff
      **rladwig@mccarthyholthus.com**