# IRA D. JOFFE
### Attorney At Law

6750 WEST LOOP SOUTH # 920
BELLAIRE, TEXAS 77401

(713) 661-9898
FAX (888) 335 - 1060

June 1, 2022

Mr. Cole Patton, Esq.
McCarthy & Holthus, LLP
1225 W 15th Street, Suite 1060
Plano, TX 75075

### AS COUNSEL AND AS REGISTERED AGENT

Ms. Ramona Ladwig, Esq.
McCarthy & Holthus, LLP
1225 W 15th Street, Suite 1060
Plano, TX 75075

**VIA FAX ONLY TO (214) 291-3801**
**and cpatton@mccarthyholthus.com**
**and rladwig@mccarthyholthus.com**

**RE:   *Wilmington Savings v. Myers*, Civil Action 4:22-cv-00088,**
**Southern District of Texas, Houston Division**

**Leeroy Myers**
**12215 Carola Forest Drive**
**Houston, TX 77044**

Counsel:

As Mr. Patton is the firm's registered agent for the Texas branch, it is now on notice of what is happening in the case. Please make sure the main office in San Diego is also made aware.

Ms. Ladwig's 'see you in court' email yesterday was unhelpful.  Her pattern of repeatedly failing to address specific important issues has made a problem for the firm. She may have also put your firm in conflict with your client.

I remind you for a third time about the problem with the criminal liability threat in the letter your chosen process server left at the property. There was never any response from the firm about it. The May 27, 2022, letter told you that I

*Wilmington v. Myers* – Answers Are Needed – Page 1

DEFENDANTS' EXHIBIT 14 -- PAGE 1

filed a complaint. It has been accepted by the Judicial Branch Certification Commission, the agency that regulates process servers, and they have set an answer deadline for the process server.

As was done on May 20, 2022, and again May 27, 2022, I for the third time ask you to

Please identify the lawyer who authorized the unsigned May 10, 2022, letter on the firm's stationery to be sent in the first place and to be sent only to my clients. Make sure to preserve all relevant internal records and communications from your client about it.

If it was not authorized by a lawyer then please identify the person who did authorize it, and chose to invoke Rule 5 to serve a summons and complaint, and describe what procedures the firm has in place to stop the unauthorized practice of law.

The May 27, 2022, letter put you on notice of the potential that the May 10, 2022 "letter has all the hallmarks of being the unauthorized practice of law."

Either an attorney is responsible for trying to serve a Summons under the wrong rule or a non-attorney is. Please preserve all of your internal records related to the case and all invoices sent to your client. The silence indicates you may be charging them attorney rates for non-attorneys making crucial legal decisions in the case. The lawsuit you filed seeks to make my clients responsible for those fees. They object to any deceptive billing.

Your firm and your client should not be in a position to profit from the unauthorized practice of law in federal court.

I therefore repeat, from the May 27, 2022, letter "If you continue to fail to show the attorney involvement in the decision to invoke Rule 5 to serve a Summons and Complaint then I probably have a duty to report it to the Unauthorized Practice of Law Committee."

I again quote what Ms. Ladwig's May 27, 2022, email said on that issue.

"To avoid dismissal of the case, we had to go ahead with an alternate method of service, which was to serve your client by mail. This is authorized by the federal rules."

*Wilmington v. Myers* – Answers Are Needed – Page 2

This means that Ms. Ladwig, an attorney, was either unwilling or unable to confirm that an attorney made the decision. It also means she was unable to say that Rule 5 was inapplicable but knows that the Summons was allegedly served under Rule 5 instead of Rule 4.

Yesterday's email saying that "We look forward to addressing each of these points with you in the pending action" means that your firm intends to rely on the defective service. It has forced me to consider the first rule in Appendix A, Rules of Discipline United States District Court, Southern District of Texas.

Rule 1. *Standards of Conduct.*

A. Lawyers who practice before this court are required to act as mature and responsible professionals, and the minimum standard of practice shall be the Texas Disciplinary Rules of Professional Conduct.

B. Violation of the Texas Disciplinary Rules of Professional Conduct shall be grounds for disciplinary action, but the court is not limited by that code.

With those rules in mind, please reread what was set out in the February 18, 2022, letter and tell me why you contend that the four year statute of limitations has not expired when the loan was accelerated no later than October 30, 2015 and the Complaint was not filed until January 10, 2022.

Then there is Appendix D, Guidelines for Professional Conduct. Some of its requirements are:

A. In fulfilling his or her primary duty to the client, a lawyer must be ever conscious of the broader duty to the judicial system that serves both attorney and client.

C. A lawyer owes, to opposing counsel, a duty of courtesy and cooperation, the observance of which is necessary for the efficient administration of our system of justice and the respect of the public it serves.

So, again, I ask you to please confirm who is responsible for the defective service of the Summons under Rule 5.

*Wilmington v. Myers* – Answers Are Needed – Page 3

DEFENDANTS' EXHIBIT 14 -- PAGE 3

The signature block on Ms. Ladwig's May 16, 2022, Notice of Appearance in the case also includes the names of Joyce Nwachukwu, Thuy Frazier, and Yoshie Valadez. None of them have filed an appearance in the case. They should either appear or their names should not be in any future filings.

Ms. Frazier's listing with the State Bar does not show she is admitted to the Southern District, only the Northern. Ms. Nwachukwu's does not show any federal admissions at all. As of just now there were no pro hac vice motions on file for either of them. What was the purpose of listing unlicensed attorneys? Have they actually done anything on the case? Did they even know their names were put on Ms. Ladwig's filing?

If there is no cohesive response by 3:00 PM on Monday, June 6, 2022, then your continued inaction will force me to take the next appropriate step.

Sincerely,

Ira D. Joffe, Esq.

IJ/ms

*Wilmington v. Myers* – Answers Are Needed – Page 4

DEFENDANTS' EXHIBIT 14 -- PAGE 4