UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,<br><br>Plaintiff<br><br>v.<br><br>LEEROY M. MYERS and BARBARA MYERS,<br><br>Defendants | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 22-88 |

## SUMMARY JUDGMENT IN FAVOR OF LEEROY M. MYERS AND BARBARA MYERS

Wilmington's Motion For Summary Judgment ("Motion") [Doc. 28] failed to meet the standard in Rule 56 and is denied.

Wilmington failed to account for the effect of the Green Tree entities' bankruptcy court rejection of their contract with Mortgage Electronic Registration Systems ("MERS"). It has no proof that the alleged assignment from any of the Green Tree entities to MERS after that rejection was valid.

Even presuming a valid assignment, the history of the loan that Wilmington provided showed that an Order allowing foreclosure was first obtained in 2010. It showed that the intentional 2013 rescission of accelerations back to 2009 allowed its

predecessor to prevail in Civil Action 16-1053 where the court found that "Ditech's cause of action for foreclosure therefore accrued at some point after September 2013." Doc. 28-15, 6.

Clearly, withdrawing the notice of acceleration was the intentional waiver of a known right in order to extend limitations.

That previous judgment on the same issue between the same parties on the intentional failure to prosecute the known right to foreclose precluded Wilmington's denial of waiver here, a case filed in 2022 based on the known 2009 default. This Court cannot ignore the previous litigation between the parties.

Wilmington's history of the Second Rule 736 Application for Expedited Foreclosure showed that it was filed in 2015, restarting the four-year limitations period in Tex. Civ. Prac. & Rem Code §16.035, which then expired in 2019. There is no other rescission of acceleration in that time period.

This case was not filed until January 2022, after limitations had expired. The Myers are granted summary judgment that the lien and power of sale have also expired. Neither Wilmington nor any other entity has the right to foreclose on the Myers' loan.

The lien in the Texas Home Equity Security Instrument (First Lien), recorded beginning on Page RP 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 in the Harris, Texas property records, against the

property at Lot Nineteen (19), in Block Eight (8), of REPLAT OF KINGS LAKE FOREST, SECTION ONE (1), an addition in Harris County, Texas, according to the map or plat thereof recorded in Volume 279, Page 64 of the Map records of Harris County, Texas, commonly known as 12215 Carola Forest Drive, Houston, TX 77044 is released.

All of Wilmington's remaining claims are denied as moot.

_____  _____
Date                              Hon. Keith P. Ellison
                                  United States District Judge