UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST,** §§§§§§§<br><br>*Plaintiff*, §§<br><br>v. §§<br><br>**LEEROY M. MYERS; BARBARA MYERS,** §§§§<br><br>*Defendants.* § | CIVIL ACTION 4:22-cv-00088 |

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
SECOND MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Wilmington Savings Fund Society, FSB, d/b/a Christiana Trust, not individually but as Trustee for Pretium Mortgage Acquisition Trust ("Plaintiff") files its response in opposition to Defendants' second Motion to Alter or Amend Judgment (Doc. 45) ("Second Motion") and requests that it be denied in its entirety.

    **A.    NATURE AND STAGE OF THE PROCEEDING**

1. This response is in response to a post judgment motion filed by Defendants. Defendant's post Plaintiff filed its complaint on January 10, 2022 to adjudicate claims of breach of contract, judicial foreclosure and attorney's fees brought concerning Harris County real property. The Court rendered judgment in favor of Plaintiff, and the clerk entered the judgment on June 22, 2023 (Doc. 37). Among

other things, the final judgment established Plaintiff's first lien securing its home equity extension of credit on the real property located at 12215 Carola Forest Drive, Houston, Harris Texas, 77044.  The judgment further determined that Plaintiff, its successors and assigns has the right to enforce the Note and Deed of Trust according their respective terms.  The Judgment found that Defendants defaulted on their obligations under the Note and Deed of Trust without cure. The judgment authorized Plaintiff to foreclose the property.

2.  Defendants filed their first motion to alter or amend the judgment (Doc. 40) on July 19, 2023. Among other statements, in their motion, Defendants argued that the Court's final judgment (Doc. 37) was mislabeled, that it was not a Final Judgment, that Standing had not been established, that limitations had expired barring Plaintiff's complaint and that Plaintiff should not have recovered based on allegations of waiver and issue preclusion.

3.  Without response from Plaintiff, the Court signed an Order (Doc. 42) granting that portion of Defendants' motion requesting an amendment to the title of the final judgment, and denying the remainder of Defendants' motion.  The clerk entered the order on August 4, 2023.  On the same day, the clerk entered an Amended Final Judgment, signed by the Court (Doc. 43). The Amended Final Judgment corrected the mislabeled earlier judgment (Doc. 37), leaving the remainder of the initial judgment intact.

4.  On September 1, 2023, Defendants filed their Second Motion (Doc. 45).

### B.  STATEMENT OF THE ISSUES TO BE RULED ON BY THE COURT

5.  The issues to be ruled on by the Court are all matters raised by Defendants.  Defendants seek to alter or amend the final judgment entered in this case. The issues for the Court's review accordingly require the Court's examination of Fed. R. Civ. P. 59, case law interpreting the rule and standards when, as here, the Court is asked to alter or amend its judgment.

### C. STANDARD OF REVIEW

6. A trial Court must exercise reasonable discretion in ruling on motions to alter or amend a judgment. Appeals Courts review trial court action on motions to alter or amend judgments for abuse of discretion. *Midland W. Corp. v. F.D.I.C.,* 911 F.2d 1141, 1145 (5th Cir. 1990), n.4 and *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167 (5th Cir.1990)

### D. ARGUMENT

- **Nature of the Rule 59(e) motion**

7. Motions under Rule 59(e) call into question the correctness of a judgment. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478 (5th Cir.2004) (quoting *In re Transtexas Gas Corp.,* 303 F.3d 571, 581 (5th Cir.2002)). The rule permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n. 5, 128 S.Ct. 2605, 171 L.Ed.2d 570 (2008). A party seeking reconsideration must show more than disagreement with the court's decision and recapitulation of the same cases and arguments already considered by the court. *Texaco Exploration & Prod., Inc. v. Smackco, Ltd.,* No. Civ. A. 98–2293, 1999 WL 539548, at *1 (E.D.La. July 26, 1999) (citing *Plaskon Elec. Materials, Inc. v. Allied–Signal, Inc.,* 904 F.Supp. 644, 669 (N.D.Ohio 1995)); *see also Joe v. Minn. Life Ins. Co.,* 272 F.Supp.2d 603, 604 (S.D.Miss.2003). And whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge. *Atkins v. Marathon Le Tourneau Co.,* 130 F.R.D. 625, 626 (S.D.Miss.1990).

8. A Rule 59 motion should only be granted if there was (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.

*Rosenblatt v. United Way of Greater Hous.,* 607 F.3d 413,419 (5th Cir.2010) (alteration in original) (quoting *Rosenzweig v. Azurix Corp.,* 332 F.3d 854, 864 (5th Cir.2003)) (internal quotation marks omitted); *Michigan Flyer LLC v. Wayne Cnty. Airport Auth.,* 860 F.3d 425, 431 (6th Cir. 2017), citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.,* 616 F.3d 612, 616 (6th Cir. 2010)

- **Defendants present no reasoned argument for disturbing the Court's judgment**

9. In their second motion, Defendants make the same arguments made in their original motion on the issues of 1) the finality of the judgment, 2) standing, 3) limitations, waiver and issue preclusion and alleged new evidence. These issues are all issues that the Court already considered and overruled. None of Defendants' arguments are based on any clearly established manifest error of law or fact or on any newly discovered evidence. Indeed, the arguments are only used to show Defendants' disagreement with the Court's decision and to recapitulate the same cases and arguments already considered.[1]

10. Since the Court denied Defendant's first motion to alter the judgment, there have been no intervening changes in the substantive law on which the Court based its judgment. *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431–32 (6th Cir. 2017); *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1219–20 (3d Cir. 1995). Further, Defendants have not presented any new evidence that would affect the judgment. *Williams v. Hobbs*, 658 F.3d 842, 853–54 (8th Cir. 2011); *Farm Credit Bank v. Guidry*, 110 F.3d 1147, 1154–55 (5th Cir. 1997), *overruled on other grounds*, *In re Orso*, 283 F.3d 686 (5th Cir. 2002). Finally, Defendants' Second Motion presents no clear error or manifest injustice. *Rollins v. Home Depot USA*, 8 F.4th 393, 396–97 (5th Cir. 2021); *Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 432–33 (6th Cir. 2017); *Robinson v. Wix Filtration Corp.*, 599 F.3d

---

[1] This fact is easily demonstrated by a comparison and review of the table of authorities presented in both motions, which, save page numbering, is identical.

403, 407–08 (4th Cir. 2010); *Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 72 (1st Cir. 2003). Defendants' motion is a mere rehash of arguments already presented and overruled and should be summarily denied.

### E. CONCLUSION AND RELIEF SOUGHT

Defendant presents no new reason based on existing law and interpretation of Fed. R. Civ. P. 59 for the Court to consider altering or amending its judgment. And for these reasons, Plaintiff asks the Court to deny Defendants' Second Motion to alter or amend the judgment.

    Respectfully Submitted,

    MCCARTHY & HOLTHUS, LLP

    _____
    Robert L. Negrin / SBN: 14865550/SD No. 8843
    Regrin@mccarthyholthus.com
    Cole Patton / SBN: 24037247
    cpatton@mccarthyholthus.com
    1255 West 15th Street, Suite 1060
    Plano, TX 75075
    214-291-3800 (Telephone)
    214-291-3801 (Facsimile)

    **ATTORNEYS FOR PLAINTIFF**
    **PLAINTIFF WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST**

## CERTIFICATE OF SERVICE

      I hereby certify that on September 22, 2023, I submitted the foregoing to the Clerk for the United States District Court for the Southern District of Texas, Houston Division, and thereby served all parties and/or counsel of record in accordance with Federal Rule of Civil Procedure 5(b)(2).

_____
Robert L. Negrin